ROBERT N. STEADMAN ET AL v. ISAAC BUTLER ET AL.

[49 South. 614.]

CHANCERY PLEADING AND PRACTICE.   *Injunction.   Decree dissolving.*

Where an injunction restraining the execution of a judgment at law is dissolved on motion:—

(*a*) The decree should be limited to the dissolution and the award of a personal decree on the injunction bond for such damages as the defendant may have sustained; and

(*b*) It should not grant a personal judgment for the sum due on the judgment enjoined; since

(*c*) Under Code 1906, § 622, so providing, the decree of dissolution has the force and effect of a judgment against the obligors on the bond, and, when certified to the court in which the enjoined judgment was rendered, warrants the issuance of an execution by that court against them.

FROM the chancery court of Lawrence county.

HON. G. GARLAND LYELL, Chancellor.

Steadman and others, appellants, were complainants in the court below; Butler and others were defendants there.   From a decree dissolving an injunction on defendants' motion the complainants appealed to the supreme court.

Appellees obtained a judgment against appellants in the circuit court, and were proceeding to collect the same by execution.

Appellants enjoined the enforcement of the judgment. Appellees answered the bill of complaint upon which a preliminary injunction had been granted, and moved the court to dissolve the injunction and award damages against the obligors in the injunction bond. This motion was sustained by the court below, and the decree rendered thereon not only dissolved the injunction and awarded damages on the bond, but further gave a personal decree against the complainants and the sureties on the injunction bond for the full sum due on the judgment at law, the execution of which had been enjoined.

*Mayes & Longstreet* and *Currie & Currie,* for appellants.

The decree is not confined to the dissolution of the injunction, but in express terms, awards judgment in the chancery court against the plaintiffs and their bondsmen, for the full amount of the judgment in the circuit court, with five per cent penalty, and with costs, and it awards execution.

Now the statute provides that where a judgment at law is enjoined, and the injunction is dissolved, the bill shall be dismissed, and that the clerk of the chancery court shall certify that fact and the injunction bond to the clerk of the circuit court, who, thereupon shall issue execution from the circuit court against the obligors for the amount of the judgment of the circuit court (Code, §§ 621, 622).

The decree rendered was a final decree, and not merely interlocutory, wherefore an appeal lies to this court from the same, without any special order allowing it.

It was error to render that decree in the chancery court. It does not follow the statutory scheme. It was not proper to render a judgment in the chancery court on the bond for the amount of the judgment enjoined. The statutory scheme is that the action of the chancery court on the injunction should be certified to the circuit clerk, who should issue an execution on the bond. There should not be two judgments in two different courts for the same debt.

*Touchstone & Salter,* for appellees.

Mayes, J., delivered the opinion of the court.

The object of this suit was to enjoin the enforcement of a judgment. An application was made for an injunction, and a temporary writ duly issued by the chancellor, and bond given as required by law. Subsequently a motion was made to dissolve the injunction, and sustained by the chancellor, whereupon the following decree was entered, viz.: "This cause having been set down for hearing this day in vacation on bill, demurrer, and motion to dissolve the injunction, the court, having duly heard and considered the same in vacation at the time and place designated in the notice given the complainants by defendants in the manner required by law of their intention to make said motion, is of the opinion that said motion ought to be sustained. It is therefore ordered, adjudged, and decreed that the injunction sued out by complainants in this case be and the same is hereby dissolved. It is further ordered that the defendant herein, Ike Butler, do have and recover of and from the complainants herein and the surety on their injunction bond, the United States Fidelity & Guaranty Company, the sum of $343.35, being the amount of the judgment enjoined, with costs and 5 per cent damages thereon, as prescribed by statute, and also recover all costs. Upon proof, it is ordered that the defendant also recover of and from the complainants and the said surety upon their injunction bond the sum of $100 as a reasonable attorney's fee for services of his attorney in this behalf, for which execution may issue as aforesaid."

In so far as the decree rendered a judgment on the bond for attorney's fees, we think the action of the court was correct, and it is also our view that the decree dissolving the injunction was correct; but the chancellor should not have extended his decree further and rendered judgment on the bond. The effect of so doing is to have two judgments in full force and effect against complainants—one in the chancery court on the bond, and the

original judgment in the circuit court, the complication which it is the very design of section 622, Code 1906, to avoid.   On dissolving the injunction the decree of the chancellor should have been limited merely to a decree dissolving the injunction and rendering such judgment on the bond as defendants were entitled to as damages for the improper suing out of the injunction, and should not have extended further.   What shall be subsequently done is expressly declared by section 622, Code 1906, and only the method there outlined can be pursued in order to create liability on the bond and enforce collection on same.   By this section, when an injunction is sought to enjoin proceedings at law on a judgment for money, and the injunction is dissolved, the decree of dissolution itself has the force and effect of a judgment against the obligors in the bond, and, when it is certified by the clerk of the court in which it is filed to the clerk of the court in which judgment is rendered, execution may be issued against the obligors for the amount of the judgment enjoined. This is the statute, and the statute must be followed to the exclusion of all other remedies.

The cause is affirmed, in so far as the judgment for $100 is concerned and in so far as the dissolution of the injunction was ordered, but reversed as to that part of the decree which renders judgment on the bond for the debt sought to be enjoined.   We do not think counsel for appellees are entitled to any additional fees, and direct cost of appeal to be taxed against appellees.

*So ordered.*