COURTNEY BROS. *v.* JOHN DEERE PLOW CO.

[84 South. 185. In Banc. No. 21064.]

1. EXECUTION. *Where injunction restraining execution of a money judgment at law is partly dissolved, personal judgment for true amount of indebtedness should not be granted.*

    Under section 622, Code of 1906 (section 382, Hemingway's Code), where an injunction restraining the execution of a judgment at law for money is, in part, dissolved, the decree should be limited to the partial dissolution and the award of a personal decree on the injunction bond for such damages as the defendant may have sustained, and should not grant a personal judgment for the true amount of the indebtedness ascertained, as the above section has the force and effect of a judgment against the obligors on the bond, and, when certified to the court in which the enjoined judgment was rendered, authorizes the issuance of an execution by that court for the true amount of the indebtedness.

2. EXECUTION. *Code provides for recovery of damages, including costs, on partial dissolution of an injunction staying proceedings on money judgments at law.*

Section 623, Code of 1906 (section 383, Hemingway's Code) provides for the recovery of damages at the rate of 5 per centum of the amount found due, including the costs, upon the dissolution in part, of an injunction obtained to stay proceedings on a judgment at law for money.

APPEAL from the chancery court of Calhoun county. HON. JAS. G. McGOWEN, Chancellor.

Bill for injunction by Courtney Bros. against the John Deer Plow Company, to enjoin levy of an execution upon a judgment for defendant against complainants, with cross-bill by defendant, asking a decree for the true account of the debt, admitting the judgment to be excessive. From a decree for defendant, complainants appeal. Affirmed in part and reversed in part.

See, also, 83 So. 50.

*W. J. Evans* and *W. J. Stone,* for appellants.

Counsel for appellee misconstrues the main points at issue in the case at bar. Their arguments and citation of authorities do not throw any light on the points at issue. The stenographer's notes having been stricken from the record, it follows that the case must be decided on the pleadings and the decree of the chancellor. We contend that on the record in this case no possible statement of facts could justify the judgment rendered by the court below. The main points at issue in this case as we understand it, are as follows:

(1) Whether or not the appellants had a right to the writ of injunction at the time of the issuance of the same. (2) Whether or not any damages should have been awarded against the appellants for the alleged wrongful sueing out of the writ of injunction. (3) Whether or not the appellants should have been taxed with any costs that accrued in the circuit court cases, or in the case in the chancery court, prior to the filing of the cross-bill by the appellee.

The pleadings and the decree of the chancellor show conclusively that the circuit court judgments were absolutely void for the want of notice or the proper process on the defendants in the circuit court; and. sinc the said judgments were absolutely void, there could be no legal and valid executions issued on such judments. The courts have uniformly held that judgments of this kind may be enjoined by a court of equity, and our own court has held that executions and judgments void for the want of proper process may be enjoined.

This principle is sustained by the following authorities: *Cuncan* v. *Gerdine, et al.,* 59 Miss. 550; *Southern Express Co.* v. *Craft,* 43 Miss. 508; *Hilliard et al.* v. *Chew,* 76 Miss. 763; *Winter* v. *Coulthard,* 94 Iowa, 312.

It therefore, follows that if appellant were entitled to the writ of injunction at the time the same was issued, the awarding of any damages against them by the court below was error. See cases above cited, and, in addition thereto, the case of *Burrows* v. *Jones,* 79 Miss. 214.

Counsel for appellee in their briefs filed in this case do not produce any argument or cite any authority holding that the appellants should be taxed with damages in this case, as awarded by the chancellor in his decree, or taxed with any costs in the circuit court proceedings, or on the bill for injunction prior to the filing of the cross-bill by the appellee. In fact, the brief of counsel for appellee in this case is not responsive to the main issues involved, and in their endeavor to avoid a discussion of those issues we find them traveling in a circle.

Counsel for appellee seem to base their claims on the case of *Hale* v. *Bozeman,* 60 Miss. 965, which is altogether a different case from the case at bar; and even in that case it does not say that the party seeking the writ of injunction should be taxed with damages.

Counsel for appellee also claim that the appellants should have tendered and paid into court the amount of

money which they admit to be due.   The pleadings in this case show that the appellants expressed the desire to pay whatever amount they were legally due, or whatever amount the chancellor might find to be due at the hearing of the cause on its merits.   But, as we have stated, the judgment in this case is absolutely voi , and our attention has not been called to any adjudicated case which holds that before a party can obtain relief in a court of equity against such a void judgment, he must deny and show that he is not indebted to the party obtaining the judgment.   The effect of such a rule would be that a void judgment is *prima-facie* evide ce o in debtedness.   We do not think that such can be the rule. See, in this connection, the case of *Iowa Union Telegraph Co.* v. *Boylan, et al.,* 52 N. W. 1122.

Since there were no valid judgments against the appellants at the time the executions enjoined were issued, the issuance of the executions was certainly unauthorized and void.   Our court has repeatedly held that an absolutely void judgment, or execution based upon such void judgment, can be collaterally attacked anywhere at any time.   Certainly, under the facts of this case, the appellants should not be punished by taxing them with the statutory damages and the costs of the proceedings had in the circuit court.

Counsel for appellants here reiterate the facts and arguments contained in their original brief in this case and say that the decree of the chancellor rendered against the sureties on the injunction bond is absolutely contrary to, and in the face of, section 622 of the Code of 19 6. as construed in the case of *Steadman et al.* v. *Butler,* 49 So. 614.

We submit that this case should be reversed and remanded to the circuit court of Calhoun county for a jury trial, and that the appellee should be taxed with the costs of this appeal.

*W. D. & J. R. Anderson* and *A. T. Stovall,* for appellee.

The evidence having been stricken from the record the court can only look to the pleadings and decrees in this cause for the purpose of determining whether prejudicial error was committed by the trial court. The question is whether or not the final decree rendered in this cause was an impossible decree under the issues presented by the pleadings. In order to determine this question the court will treat as having been proven whatever was necessary to be proven to sustain the decree. In the absence of the evidence, any conceivable state of facts, possible of proof, will be assumed in favor of the correctness of the action of the trial court. This principal is sustained by the following authorities: *Covel* v. *Smith,* 68 Miss. 296, 8 So. 850; *Christman* v. *Russel,* 73 Miss. 452, 18 So. 656; *Gwin* v. *Williams,* 27 Miss. 324; *Bernheim Bros.* v. *Brogan,* 66 Miss. 184, 6 So. 649.

The court held in its final decree that the judgment on which the execution was issued which was enjoined (the last judgment) was void. This court held this under the authority of *Comenitz* v. *Bank of Commerce,* 85 Miss. 662. Comenitz had been sued with several others. Judgment by default was taken against all of the defendants, including Comenitz who had not been served with process as much as five days before judgment. The court held that the judgment was void as to Comenitz for that reason, and being an entirety was void as to all the defendants. Applying that principle to these judgments the court held that because the first judgment was against S. W. Courtney and O. D. Courtney, while S. W. Courtney had not been served with process, as stated in the last clause of the judgment, the judgment was therefore void as to S. W. Courtney and being an entirety, it was void as to O. D. Courtney. Then the court held that by the entry of the first judgment, the power of the circuit court over

the cause had been exhausted; that without further notice the court had no power at a subsequent term of the court to take up the cause and enter the last judgment which was rendered; that this judgment was void.

Having held both circuit court judgments void the court proceeded to try the merits of the cause of action anew on bill, answer, cross-bill and proof, resulting in the final decree in the record. In order that this court may see the case as presented to the court below we will now state some of the main propositions of law contended for on the trial by appellee.

Even tho a judgment be void, because rendered without notice, it will not be enjoined except upon a showing of a meritorious defense to the debt on which it is based. *Newman* v. *Taylor*, 69 Miss. 670, 13 So. 831; *Steward* v. *Brooks*, 62 Miss. 492.

Even if equity has jurisdiction, a defendant at law is not entitled to an injunction to resist the collection of the whole of a judgment against him, if he admits that a part of the debt on which the judgment is based is due. *Hale* v. *Bozeman*, 60 Miss. 965; *Newman* v. *Taylor*, 69 Miss. 670, 13 So. 831.

As we understand it, it was in view of these principles that the court below dissolved the injunction as to that part of the indebtedness justly due from appellants to appellee and which was the basis of the judgment in the circuit court.

The first contention of the appellants is that the decree in this cause should be reversed because it is a personal decree against appellants and sureties on their injunction bonds for the amount of the indebtedness found to be due with damages and costs and for awarding execution from the chancery court enforcing the same. Their contention is that such a decree violates section 622 of the Code of 1906 (Hem. Code, sec. 382) as construed by *Steadman* v. *Butler*, 95 Miss. 695, 49 So. 614, Section 622 provides

that upon the dissolution of an injunction to enjoin proceedings on a judgment at law for money, whether such injunction be dissolved in whole or in part, the injunction bond shall have the force of a judgment against the obligors; and that such bond should be certified by the clerk of the chancery court in which the injunction is dissolved to the clerk of the court in which the judgment was rendered, and execution may issue thereon against the obligors for the amount of the judgment enjoined. We contend that this statute as construed by the *Steadman case, supra,* has no application to a case like this one before the court. In the Steadman case there was simply an injunction against a judgment at law which was dissolved and damages awarded and personal decree against the obligors in the bond for the amount of the judgment, damages and costs. The decree authorized the issuance of execution out of chancery court to enforce the decree. The supreme court held that the statute, section 622, Code 1906, applied, and should have been complied with; that in view of the statute, the chancery court had no right to render the decree it did. We have a case on bill, answer, and cross-bill. The original bill attacks the judgment on the ground that it is void. The answer and cross-bill seeks a decree for the amount due the appellee in the event the court should hold the judgment void. The original bill prayed for a new trial at law. The cross-bill prayed that in the event the judgment was declared void, the chancery court adjudicate and settle the whole matter, which was done, as the court held in *Hale* v. *Bozeman, supra,* ought to have been done.

In this state of the case we are unable to see how it was possible to comply with section 622 of the Code of 1906; for there was left no judgment in the circuit court on which to issue execution. We cannot see how the clerk of the chancery court could certify these injunction bonds to the circuit court under this statute. There were two

bonds with two sets of sureties, one for two thousand five
hundred dollars and the other for seven thousand dollars.
The liability on the two bonds were different. On the two
thousand five hundred dollar bond the sureties were only
liable of course for that amount which was less than the
decree of the court; while the sureties on the seven
thousand dollar bond were liable for the entire decree of
the court, including damages and costs, because the same
in the aggregate amounted to less than the bond. How
could this have been worked out on an execution from the
chancery court? Under the view taken by the chancery
court this whole matter was tried anew, notwithstanding
the appellants admitted in their bill that they owed the
larger part of the indebtedness on which the judgment
at law was based.

We want to say by the way (tho we do not think it is
necessary) that in our judgment the principle announced
in *Steadman* v. *Butler, supra,* is unsound, because the
error complained of there was a perfectly harmless one.
No possible hurt could have come to the defendant in the
judgment at law in that case by having two judgments
against him, one in the chancery court and one in the
circuit court. The satisfaction of one would have been
satisfaction of both; that seems perfectly clear. The
decree of the chancery court in that case could have been
disregarded by the plaintiff in the circuit court who was
the defendant in the chancery court. He could have had
the injunction bond certified to the circuit court as pro-
vided by the statute and could have proceeded by execu-
tion from the circuit court as provided by statute. In
other words the decree in the chancery court in that case
against the obligors on the injunction bond, it seems to us,
was utterly harmless altho erroneous under the statute.
It would have been time enough to complain when an
effort was made to enforce the judgment in the circuit
court and also the decree in the chancery court.

We think the court will see at once however the difference between the Steadman case and the present case. We do not have to maintain that the Steadman case is unsound in order to justify the decree complained of in the case before the court.

Counsel for appellants contend that the court erred in awarding the statutory damages of five per cent for the wrongful issuance of the injunction. This amounted to about one hundred and forty dollars. The statutory five per cent damages was allowed only on that portion of the judgment which the chancery court found was due appellee by appellants. Sec. 623, Code 1906, (Hem. Code, sec. 383) seems to settle this contention in favor of appellee; In other words this statute seems to justify the decree in our favor as far as the damages allowed were concerned. That statute among other things provides:

"When an injunction obtained to stay proceedings, on a judgment at law for money, shall be dissolved, in whole or in part, damages at the rate of five per cent shall be added to the judgment enjoined or to so much thereof as shall be found due, including costs, and in all cases upon dissolution of an injunction the damages may be ascertained by the court or chancellor, or upon reference to a master, and proof, is necessary, a decree therefor be made, and execution be issued thereon."

Opposing counsel rely on *Borrough* v. *Jones*, 79 Miss. 214. That was an injunction against the sale under a deed of trust. The court held that at the time the injunction was sued out it was properly sued out, and therefore there could be no damages on the injunction bond.

In the present case the chancery court held that notwithstanding the judgment on which the execution was issued was void, still under the law appellants had no right to enjoin the judgment at law to the amount of two thousand seven hundred ninety eight dollars and seven cents, because that amount was justly due by appellant to

appellee. The injunction was dissolved so far as that amount was concerned. In their bill appellants had admitted an indebtedness of over two thousand four hundred dollars. Under authority of *Newman* v. *Taylor,* and *Hale* v. *Bozeman, supra,* appellants had no right to enjoin this judgment; to say the least of it, so far as the two thousand four hundred three dollars and ninety four cents was concerned, which they admitted they justly owed. And we contend that the same principle applies so far as the two thousand seven hundred ninety eight dollars and seven cents is concerned which the court found to be justly due the appellee. Why should not the appellee be entitled to statutory damages on what was justly due it. Under the law appellants had no right to enjoin the collection of it, that is plain.

We say that this entire decree should be affirmed. The matter was in just such shape that it could not have been sent back to the circuit court for execution.

Sykes, J., delivered the opinion of the court.

The appellants, Courtney Bros., formerly a partnership composed of A. J., O. D., and S. W. Courtney, by bill in chancery sought to enjoin the levy of an execution issued upon a judgment against them rendered in the circuit court in favor of the defendant plow company for an amount exceeding three thousand dollars. The bill admits an indebtedness due by the complainants to the defendant plow company, but claims that the amount of the judgment is largely in excess of the true amount of the debt. The judgment is alleged in the bill to be void for several reasons. The answer denied the material allegations of the bill, but admitted that the judgment was excessive to the extent of a few hundred dollars. The defendant, by cross-bill, asks that a decree be rendered in its favor for the true amount of the debt, with costs and damages, to which cross-bill an answer was

filed. Testimony was taken in the case, but, upon motion, this testimony has been stricken from the record.

In his decree the chancellor adjudged: First. That the judgment at law was not obtained by fraud. Second. That this law judgment was void, but represented the true amount of the indebtedness due by the com lainants, the three Courtney brothers, to the John Deere Plow Company, with the exception that it was excessive to the amount of six hundred and thirty-six dollars and sixty-eight cents, which made the true amount of the indebtedness due the plow company two thousand seven hundred and ninety-eight dollars and seven cents, principal and interest. Third. The injunction, was made perpetual as to the sum of six hundred and thirty-six dollars and sixty-eight cents, and dissolved as to the sum of two thousand seven hundred and ninety-eight dollars and seven cents. Fourth. The costs of the litigation were taxed as follows: Four-fifths of it aga st complainants, and one-fifth against defendant, John Deere Plow Company. Fifth. Five per centum statutory damages in the sum of one hundred and thirty-nin dol lars and ninety cents were awarded the defendant plow company, against complainants and the sureties on their injunction bonds. The costs were also adjudged against the bondsmen as well as the complainants. Sixth. The decree awarded a personal judgment against the complainants and their bondsmen for the entire amount of the indebtedness found due the plow company, and decreed that execution might issue on this judgment. From this decree the appellants prosecute an appeal.

Under section 623 of the Code of 1906 (section 383, Hemingway's Code), upon the dissolution of this injunction in part it was proper to award the appelle damages at the rate of five per centum. It was error, however, to render a personal decree for the true amount of the indebtedness found due against complainants and the sureties on their injunction bonds. Section 622 of

the Code of 1906 (section 382, Hemingway's Code) provides that: "A bond to enjoin proceedings at law on a judgment for money, upon the dissolution of the injunction, in whole or in part, shall have the force and effect of a judgment against the obligors; and being certified by the clerk of the court in which it is filed to the clerk of the court in which the judgment was rendered, execution may be issued against the obligors for the amount of the judgment which was enjoined."

In this case when these bonds have been certified by the chancery clerk to the clerk of the circuit court, execution may be issued by the circuit clerk against the obligors in these bonds for the true amount of the indebtedness as ascertained by the chancery court. As is said in the opinion in *Steadman* v. *Butler*, 95 Miss. 695, quoting from page 698, 49 So. 614, 615:

"On dissolving the injunction the decree of the chancellor should have been limited merely to a decree dissolving the injunction and rendering such judgment on the bond as defendants were entitled to as damages for the improper suing out of the injunction, and should not have extended further."

In this case the judgment of the chancellor should merely have extended to giving the judgment on the bond for the five per centum damages above referred to. Quoting again from the same case:

"What shall be subsequently done is expressly declared by section 622, Code 1906, and only the method there outlined can be pursued in order to create liability on the bond and enforce collection on same. By this section, when an injunction is sought to enjoin proceedings at law on a judgment for money, and the injunction is dissolved, the decree of dissolution itself has the force and effect of a judgment against the obligors in the bond, and, when it is certified by the clerk of the court in which it is filed to the clerk of the court in which judgment is rendered, execution may be issued against

the obligors for the amount of the . judgment enjoined. This is the statute, and the statute must be followed to the exclusion of all other remedies.''

The decree of the chancellor went too far in rendering a personal decree against the obligors on these injunction bonds for the true amount of the indebtedness. To this extent this decree will be reversed, and a proper decree will be entered here.

*Affirmed in part, and reversed in part.*