GOTELLI *et al. v.* FOUNTAIN *et al.*

[90 South. 250. No. 22267.]

EXECUTION. *Decree to be entered upon dissolution of injunction restraining execution sale of personalty stated.*

Upon the dissolution of an injunction restraining the sale of personal property, levied on by virtue of an execution, the decree should be limited to the dissolution and the award of a personal decree on the injunction bond for such damages as the defendant may have sustained, and it is error to award a personal decree against the obligors on the injunction bond for the amount of the judgment or debt sought to be enjoined.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by A. Gotelli and others against W. P. Fountain and others for an injunction. From a decree dissolving the injunction and awarding damages, complainants appeal. Affirmed in part, and reversed in part, and rendered.

*White & Ford,* for appellant.

Certainly the injunction was proper to prevent a sale of property to satisfy a judgment. The thing the chancery court should have done was to simply sustain the injunction and direct the circuit court case to be tried.

Certainly the chancery court could not render another money judgment with one judgment rendered in the justice court, and another case pending in the circuit court.

That case can yet be tried if, as counsel say, an appeal was perfected. A cross bill would be necessary also for appellees to obtain a money judgment in the injunction case.

It is true they say that the remedy to prevent the illegal sale (they admitting it was illegal when they say the appeal was perfected), was by writ of prohibition, but we could not get this writ in vacation, and besides the legislature has expressly provided a method in such cases; which method we adopted and counsel depend on one section of that same law provided by the legislature to uphold his decree and states the decree was drawn under it.

Our idea was that the chancery court, having been called on to grant partial relief by injunction from the sale, would take full jurisdiction for all purposes instead of trying part of the case in the circuit court; but contend the case is one pending in the circuit court, but still what they want is their money judgment in the case, and without a cross bill. If as they say the appeal was perfected, then there can be no further argument on the question that the injunction was properly sued out and that the personal decree in this case is improper.

Counsel cite many authorities with all of which we agree. Most of them are to the point that injunction, being an unusual remedy, should not be granted unless proper. They contend, however, we should have used the extraordinary remedy of prohibition. But as they say the appeal was perfected, which it was, it is clear the injunction was proper to stop the illegal sale. What argument can be advanced that it was not proper to stop such a sale? None we submit, and we further submit able counsel for appellee have, by their brief, admitted themselves we were right.

To seek to escape the *Steadman case,* 92 Miss. 695, and *Courtney case,* 122 Miss. 232, they contend the decree was drawn under section 167, Code 1906, while it would make no difference what section it was drawn under, still if it was drawn under section 617 it was improper; section 617 was not followed in the case. The chancellor did not order the property restored to the complainant and no bond was

made for its restoration; no bond in double the value of the property was given, but why go further?   At any rate section 617 applies to injunction of sales under a deed of trust or mortgage with power of sale and such cases, and sec. 616, Code 1906, would be the section applicable, if a bond for retention of the property had been given, as it applies to cases where an injunction is granted of a sale of personal property levied on under an execution.   In such cases, if the party, owning the property, wants to retake it, he may apply to the chancellor and give a bond to the sheriff conditioned to return the property, etc.   But in this case, the party decided to let the property remain where it was.   But it is a sufficient answer to counsel's contention under section 616 that no application was made to the chancellor for a release of the property.   Such bonds would be entirely different bonds from the injunction bond.

It is plainly settled by the above two decisions that the decree granting a personal judgment on the injunction bond is erroneous.   The decree was drawn to render a judgment on a bond not given in the case at all.   Counsel realize it, see p. 9 of their brief, and ask that this court render the proper decree.   At most, such a decree could only be for damages.

*Rushing & Guice,* for appellee.

Appellaint complains of the decree and cites the cases of *Steadman* v. *Butler,* 92 Miss. 695, and *Courtney* v. *Deere Plow Co.,* 122 Miss. 232, Code of 1906, section 622.   This decree is not drawn under section 622 but under section 617 and the decree provides for the return of the lumber or in the alternative the payment of the damages.

We submit that the decree is proper and that the facts make this case come under section 617 of the Code and not section 622, but even if we are mistaken as to this, the decree is not a personal decree but a decree requiring the

redelivery of the lumber, or in the event it is not redelivered, to pay the damages.

In the event your honors should hold this decree erroneous; we submit that the proper decree should be entered here as was the proceeding in the Courtney ·case.

COOK, J., delivered the opinion of the court.

Appellants exhibited their bill of complaint in the chancery court of Harrison county, seeking to enjoin the sale of personal property, levied on by virtue of an execution issued upon a judgment rendered in the justice court, and from a decree dissolving the injunction and awarding damages this appeal is prosecuted.

We think the action of the court in dissolving the injunction and awarding judgment on the injunction bond for attorney's fees was correct. However, the decree ordered the complainants to redeliver the property to the constable within fiteen days from the date of the decree, and in default thereof awarded judgment on the injunction bond for the full amount of the justice court judgment, and, in this respect, we think the decree is erroneous.

It is stated by counsel that this decree was drawn under the provisions of section 617, Code of 1906 (Hemingway's Code, section 377), and it is manifest from the record that it is drawn under that section or under section 616, Code of 1906 (Hemingway's Code, section 376). These sections provide that when an injunction shall be granted to stay the sale of personal property the chancellor may order the property restored to the complainant on his giving bond, in double the value of the property, conditioned under section 616, Code of 1906- to redeliver the property to the sheriff in case the injunction shall be dissolved, and conditioned, under section 617, for the return of the property to the person surrendering it, if the injunction shall be dissolved. These sections further provide that this forthcoming bond shall have the force and effect of a judgment against the obligors, and that execution

may be issued thereon if the property is not, within fifteen days, redelivered in accordance with the condition of the bond.

There is nothing in this record to show that the chancellor ordered the property restored to complainants, or that it was in fact so restored, and no bond for the redelivery of the property was executed, and there is nothing in either section 616, Code of 1906 (Hemingway's Code, section 376), or section 617, Code of 1906 (Hemingway's Code, section 377), which authorizes a personal decree against the obligors on the injunction bond for the amount of the judgment or debt sought to be enjoined. Neither can this decree against the obligors on the injunction bond be sustained under section 622, Code of 1906 (Hemingway's Code, section 382). *Steadman* v. *Butler,* 95 Miss. 695, 49 So. 614; *Courtney Bros.* v. *John Deere Plow Co.,* 122 Miss. 232, 84 So. 185.

The decree of the chancellor will therefore be reversed in so far as it rendered judgment on the injunction bond for the amount of the debt sought to be enjoined, and in all other respects it is affirmed, and proper decree will be entered here.

*Affirmed in part, and reversed in part.*