STOCKSTILL *v*. CAMPBELL *et al.**

(Division B.   Jan. 17, 1927.   Suggestion of Error Overruled Jan. 31, 1927.)

[111 So. 93.   No. 26147.]

EXECUTION.    *Execution may issue under judgment against injunction bond, regardless of alleged error of clerk in ordering execution under prior barred judgment (Hemingway's Code, sections 382, 383).*

Under Code 1906, sections 622, 623 (Hemingway's Code, sections 382, 383), judgment against injunction bonds on dissolution of injunction is valid and execution may issue thereunder, regardless of alleged error of clerk in ordering execution under prior barred judgment.

*Corpus Juris-Cyc. References: Executions, 23CJ, p. 581, n. 56 New.

APPEAL from chancery court of Pearl River county.
HON. T. P. DALE, Chancellor.

Suit by J. E. Stockstill against J. M. Campbell and others. Decree sustaining a demurrer to the bill, and complainant appeals. Reversed and remanded.

*Reporter's Note*: Brief for the appellant missing from the record.

*Mayson & Kelly,* for appellee.

Appellant sought and obtained all the relief, including damage and interest, to which he was entitled under the decree of May 7, 1924, so that his right to sue upon the bond was exhausted. At the time the suit was instituted on the bond, November 6, 1925, the decree enjoined, exclusive of the time that it was suspended by the injunction, was seven years and about three months old. No new action had been brought on it nor had it been kept alive in any way. The injunction bond, and any rights under it, was barred, of course, at the precise moment the decree it enjoined was barred. Certainly, the sureties would assume no greater liability than the principal since the contract of the surety is strictly construed.

The decree of May 7, 1924, found the amount due, assessed the damages, and provided that execution should issue on the decree of February 4, 1914. Appellant's right and remedy was, therefore, exhausted under that decree and he had no right to institute a suit on the injunction bond—especially in the same court. *Gains* v. *Kennedy,* 53 Miss. 103; *Edward Hines Trustees* v. *Stewart,* 135 Miss. 331, 100 So. 12.

On the dissolution of an injunction the party entitled to damage has the right to have the chancery court fix the amount of the debt and assess the amount of the damages—as was done in the instant case—or he may elect to sue at law on the bond when his damages are unassessed.

The decree of the lower court should be affirmed.

Argued orally by *L. Barrett Jones,* for appellant.

HOLDEN, P. J., delivered the opinion of the court.

This suit was brought to recover against the sureties on an injunction bond executed by appellees, enjoining an execution upon a decree in favor of the appellant. The injunction had been dissolved, and judgment rendered against the sureties, the appellees, upon the bond, but the decree authorized the issuance of execution under the former decree rendered in 1914, which decree had become barred by the seven-year limitation.

The lower court sustained a demurrer filed by appellees herein, which was, in effect, a holding by the court that no recovery could be had against the appellees upon the injunction bond, because the execution was ordered issued under a prior barred judgment.

We think the decision of the lower court was error. The judgment against the injunction bond, upon the dissolution of the injunction, was valid, under our statutes, and execution could have been issued thereunder, regardless of the alleged error of the clerk in ordering execution under a prior barred judgment.

The case is controlled by section 622 and 623, Code of 1906, and sections 382 and 383, Hemingway's Code, and by the case of *Courtney Bros.* v. *John Deere Plow Co.,* 122 Miss. 232, 84 So. 185.

The decree of the lower court is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*