RUSS *et al. v.* STOCKSTILL *et al.*

(Division A. Nov. 4, 1929.)

[124 So. 359. No. 28043½.]

Hathorn & Williams, of Poplarville, for appellants.

J. E. Stockstill, of Picayune, for appellees.

McGowen, J., delivered the opinion of the court.

Russ, Dozier, and Puyer, appellants here, exhibited their bill in the lower court for an injunction against J. E. Stockstill and Arthur J. Smith, sheriff. On the filing of the bill, a temporary injunction was granted by the chancellor and served on Stockstill and the sheriff. On final hearing, on bill, answer, and proof, the injunction was dissolved and the bill dismissed. The gravamen of the appellant's bill is that there was no valid judgment upon which the execution sought to be levied on their property could be based. In other words, that the execution was without any judgment to support it, and that, if there ever was any judgment upon which an execution could be based, at the time of its issuance it was barred

by the seven-year statute of limitations (section 3103, Code 1906, section 2641, Hemingway's 1927 Code).

The answer set up that there was an injunction proceeding restraining Stockstill from levying the execution, or other process upon their property; that the injunction was dissolved, and that the appellants were sureties on the injunction bond, and that, under sections 396, 397, Hemingway's 1927 Code, sections 622, 623, Code of 1906, on a decree of the chancery court dissolving the injunction, the injunction bond had the force and effect of a new judgment for the amount of money adjudged against the principals, together with the damages decreed against them by the chancellor on the dissolution of the injunction. The answer further set up the plea of res adjudicata in that this court had decreed, as between the same parties, that the decree of the chancery court dissolving the injunction operated as a valid judgment, and that the same was not barred by the statute of limitations.

It is stated in the briefs that this case has, in one form or another, appeared in this court three times before.

The case was tried upon the record in the various proceedings and we shall detail that which we consider to be necessary to understand the points presented and the decision thereon.

On February 4, 1914, Stockstill recovered in the chancery court of Pearl River county a money decree against J. M. Campbell, and some years thereafter Stockstill procured and caused to be issued execution and garnishment on said judgment against Campbell. On November 8, 1918, Campbell filed his bill for, and obtained a temporary writ of injunction; executed a bond conditioned according to law, and payable to J. E. Stockstill, with the appellants here (Russ, Dozier, and Puyer) as sureties thereon. On May 4, 1924, the chancery court dissolved Campbell's injunction and entered a decree to

that effect, reciting that "there being no further issues to be presented after final hearing, the bill of complaint is hereby dismissed." This decree concluded as follows: "It is further ordered and decreed that the defendant, J. E. Stockstill, may proceed with execution and other process provided by law for the collection of the said original decree in his favor against J. M. Campbell and the clerk of the chancery court shall issue execution and other appropriate process against the complainant and the sureties on his bond, who are found to be S. T. Russ, P. S. Dozier, J. P. Sones, and R. E. Puyer, as is directed by sections 622, 623, of the Code of 1906, for said original decree with six per cent. interest from the 8th day of November, 1919, on said amount, together with five per cent. damages on said sum as fixed by law, together with all the cost to be recovered in this cause."

The next step taken was that Stockstill, after this court had affirmed by decree of May 4, 1924, filed his bill against the sureties on the injunction bond, and a sufficient statement of that proceeding is found in Stockstill v. Campbell, 145 Miss. 528, 111 So. 93, 94, and this court reversed the lower court, remanded the case, and Judge HOLDEN, as the organ of the court, used this language: "We think the decision of the lower court was error. The judgment against the injunction bond, upon the dissolution of the injunction, was valid, under our statutes, and execution could have been issued thereunder, regardless of the alleged error of the clerk in ordering execution under a prior barred judgment. The case is controlled by sections 622 and 623, Code of 1906, and sections 382 and 383, Hemingway's Code, and by the case of Courtney Bros. v. John Deere Plow Co., 122 Miss. 232, 84 So. 185."

The present record does not show the disposition of the above case by the lower court after it was remanded, but the appellee Stockstill, in his answer, set up the

judgment of this court and the opinion as a special plea of res adjudicata.

The appellants present here for decision the following questions:

1. "That the statute, section 622 of the Code of 1906, applies only to suits to enjoin proceedings at law on a judgment for money, and does not apply to suits to enjoin the collection of a money decree in chancery, and therefore the execution is void."

Section 622, Code of 1906, section 396, Hemingway's 1927 Code, is as follows: "*Injunction—Certain Bond to Operate as a Judgment.*—A bond to enjoin proceedings at law on a judgment for money, upon the dissolution of the injunction, in whole or in part, shall have the force and effect of a judgment against the obligors; and being certified by the clerk of the court in which it is filed to the clerk of the court in which the judgment was rendered, execution may be issued against the obligors for the amount of the judgment which was enjoined."

The appellants' precise contention here is that the execution and garnishment enjoined having issued from the chancery court upon a decree rendered for money in 1914, the decree should have followed section 624, Code of 1906, section 398, Hemingway's 1927 Code, and that this section does not authorize the procedure directed by the decree in chancery rendered May 4, 1924, especially the part of it which we have set forth supra, and that section 622, Code 1906, applies only to judgments of common-law courts.

Proceedings in injunction suits in the chancery court are statutory in this state, and in our opinion counsel undertake to put a very narrow and restricted construction upon the statute, which we do not think is warranted.

Section 418, Hemingway's 1927 Code, section 644, Code of 1906, is as follows: "*Decree to Operate as Judgment of Circuit Court.*—The decree of a court of chancery

shall have the force, operation and effect of a judgment at law in the circuit court.''

This section, read in connection with section 622, Code of 1906, makes it plain that money judgments whether rendered by the circuit court, or a court of chancery, have the same force, the same operation, and the same effect, as if rendered by the circuit court, and execution issued upon such judgment is, in fact, a proceeding at law, since it has long since been determined that the chancery court may proceed to judgment in order to settle the rights of parties litigant, even though, strictly speaking, the results would be to assume, by rendering a money judgment, the prerogatives of a court of law, and section 147 of the Constitution 1890 prohibits this court from reversing a decree of either the circuit or the chancery court on the ground of want of jurisdiction.

There are many classes of cases in which money judgments are rendered of which both the chancery and circuit courts have concurrent jurisdiction, so that we think that section 622, Code of 1906, refers to the character of proceeding rather than to the particular court in which the proceeding was instituted.

In the case of Stockstill v. Campbell, supra, Judge HOLDEN, on the same state of facts and practically the same record, held that the execution might issue on the bond, and that the proceeding was valid.

In the case of Stedman v. Butler, 95 Miss. 695, 49 So. 614, this court said, referring to section 622, Code of 1906: ''Code 1906, section 622, provides that, when an injunction is sought to enjoin proceedings on a judgment for money and is dissolved, the decree has the force of a judgment against the obligors in the bond, and, when it is certified by the clerk of a court in which it is filed to the clerk of a court in which judgment is rendered, execution may be issued against the obligors for the amount of the judgment enjoined.''

This is the statute, and the statute must be followed to the exclusion of all other remedies.

To the same effect is the case of Courtney Brothers v. John Deere Plow Co., 122 Miss. 232, 84 So. 185, and the case of Gotelli v. Fountain et al., 127 Miss. 577, 90 So. 250.

We think that the judgment of May 4, 1924, was valid and authorized the issuance, by the clerk, of the execution of garnishment, based on the bond, against the sureties for the amount of the original judgment, together with interest and the five per cent. damages assessed in the latter judgment, and the facts that the original judgment or decree was entered by the chancery court none the less rendered this proceeding, when enjoined, a proceeding at law.

. 2. Counsel for appellants further contends that even if section 622 of the Code of 1906 should be held to apply to a suit to enjoin the collection of a money decree in chancery, the decree of February 4, 1914, was barred by the statute of limitations at the time the execution enjoined in the case at bar was issued, and for that reason the execution was void.

It is conceded that the original judgment of the chancery court rendered in 1914 is barred by the statute of limitations, and is so stated in the opinion of this court in Stockstill v. Campbell, supra. But the statute with which we are dealing, section 622, Code of 1906, specifically declares that the bond, when an injunction is dissolved, shall have the force and effect of a judgment against the obligors. In 1914, when the original judgment was rendered in this case, the obligors were strangers to it. They became parties to it when they signed the injunction bond in 1919, and when that injunction was dissolved, the dissolution of the injunction rendered the bond, itself, a judgment in favor of the obligee of the bond for the amount of the original judgment enjoined,

interest, damages according to the statute, and the costs. In other words, you look to the original judgment for the principal sum of the judgment, and you look to the decree dissolving the injunction for the amount of damages and costs, and interest follows as a matter of law.

No cause of action accrued on behalf of Stockstill as against these appellants until the decree dissolving the injunction in this cause was entered. The date of that entry was May 4, 1924, and the seven years necessary to bar the judgment, under our statute, has not elapsed, so that we think section 3103, Code 1906, section 2641, Hemingway's 1927 Code, is not effectual to bar this judgment evidenced by the decree of dissolution and bond signed by the sureties.

We are of opinion that the accrual of the cause of action as against these appellants is the test of the date from which the statute of limitations begins to run. Any other construction would render these sections which we have considered misleading and confusing, when taken in connection with our previous construction thereof.

Affirmed.