INZER, Justice:
This is an appeal by P. T. Eubanks from a decree of the Chancery Court of Lamar County dissolving a temporary injunction which restrained appellees, W. H. Hodges & Company and Dewitt Clyde Bilbo, Sheriff of Lamar County, from selling certain *641 lands levied on by the sheriff under a writ of execution issued at the instance of Hodges.
This is the second appearance of this case in this Court. On former appeal we affirmed a decree of the Chancery Court awarding appellee, Hodges & Company, $8,150.31 damages. Eubanks v. Hodges, 254 Miss. 376, 180 So.2d 922 (1965).
Execution was issued on this judgment and certain lands belonging to appellant were levied on by the sheriff. The sheriff advertised the lands for sale but prior to the execution sale appellant obtained a temporary injunction restraining the sheriff from making the sale.
Appellant alleged in his petition for a prohibitory injunction that the decree of the Chancery Court of Lamar County rendered at the February, 1964, term of that court was void for the reason that the minutes of that term were not' signed by the chancellor. The petition was presented to the circuit judge of the district without notice, and the circuit judge issued a fiat to the chancery court directing that a temporary injunction issue upon the execution of a bond. The bond was executed and the temporary injunction was issued.
Appellees answered the petition and admitted that by inadvertence the minutes of the February, 1964, term of the court were not signed by the chancellor, but denied that the failure of the chancellor to sign the minutes rendered the decree void. The answer alleged that after the case was tried and the decree signed by the chancellor, appellant gave notice of appeal wherein he stated that a final decree had been rendered. Appellant then executed an appeal bond wherein he again stated that a final decree had been entered. His counsel then filed an assignment of error and brief in this Court but raised no question as to the validity of the decree because the minutes were not signed. Appellee alleged that appellant’s failure to raise this question was a waiver of any defect in the decree, that appellant was thus estopped from denying the validity of the decree, and in addition that he was guilty of laches.
A motion to dissolve the temporary decree was heard by the court at the regular September, 1966, term. The chancellor presiding was the same who tried the case originally and who inadvertently failed to sign the minutes. He rendered the written opinion and among other things said:
That said cause was submitted to the undersigned Chancellor upon the pleadings filed herein and upon agreement of the parties by and through their attorneys that said matter be heard by the undersigned Chancellor on said motion and that all material allegations of fact contained in all of the pleadings are admitted by the respective parties. That said matter constitutes solely a question of law as shown by the pleadings herein. After due consideration of all of said pleadings and exhibits and after argument of the counsel the Court finds that a final decree was entered in the Chancery Court of Lamar County, Mississippi, on the 19th day of March, 1964, that an appeal was taken by the petitioner herein from said final decree to the Supreme Court of the State of Mississippi, that the Supreme Court heard said appeal and on December 13, 1965, rendered a final judgment in said cause affirming the decision of the lower court. That petitioner, P. T. Eubanks, in his appeal to the Supreme Court of the State of Mississippi did not assign as error or raise objection to the failure of the Chancellor of the Chancery Court of Lamar County, Mississippi, to sign his minutes during and at the end of the March 1964 term of Court. That the petitioner, P. T. Eubanks, did not exercise his right to file a suggestion of error following the adverse decision of the Supreme Court of the State of Mississippi assigning as error the failure of the Chancellor of the Chancery Court of Lamar County, Mississippi, to sign said minutes as indicated above within the time authorized by law for the filing of *642 said suggestion of error. That the said P. T. Eubanks did thereby waive his rights and is now estopped to raise for the first time the failure of the Chancellor to sign the minutes of the March 1964 term of the Chancery Court of Lamar County, Mississippi. That no objection being made by suggestion of error to the final decision of the Supreme Court, as aforesaid, that the judgment of the Supreme Court became final and is and constitutes a binding judgment in favor of the defendant in that cause based upon the judgment rendered at the March 1964 term of the Chancery Court of Lamar County, Mississippi, and is and constitutes a valid final decree and judgment according to the terms of the decree rendered in said term. That the motion to dissolve should be sustained.
Appellant assigns as error the action of the trial court in sustaining the motion to dissolve the temporary injunction. It is urged that the decree rendered at the February, 1964 term of Court was void because the chancellor did not sign the minutes, and that the action of this Court in affirming did not cure the defect because the decree was not a final judgment from which an appeal could properly be taken.
The gist of appellant’s argument is that the decree which this Court affirmed on former appeal was void, that our affirmance of it did not impart any validity to it, and further that being void, it was subject to collateral attack. It is also argued that this Court had no jurisdiction of the former appeal because the ostensible decree in the former case was not in reality a final decree.
In support of this argument appellant cites a number of cases decided by this Court and also Griffith, Mississippi Chancery Practice section 97a (2d ed. 1950), wherein the author states the rule, based upon the statute and the cases decided by this Court, as follows:
§ 97a. Signing the minutes. — The statute provides that “the minutes of the proceedings of the supreme, circuit, chancery and county courts, shall be entered by the clerk of each, respectively, in the minute book of the court, against the next sitting of the court, if practicable, when the same shall be read in open court; and when corrected shall be signed, — the minutes of * * * the chancery court by the chancellor; * * * and on the last day of the term the minutes shall be drawn up, read and signed on the same day or before the adjournment of the court.” Of this statute the court has said that while it is good practice to sign the minutes for each day of the court term as the several days have each closed, it is valid for the chancellor, or judge, to sign all the minutes on the closing day, but it is mandatory that the minutes be signed before adjournment of the term, and unless so done all the decretal proceedings taken at the term will be invalid; * * *
The statute quoted from in the foregoing section is Mississippi Code 1942 Annotated section 1665 (1956), and the author correctly states the rule as to this statute as it was then written. However, at the 1962 Regular Session of the Mississippi Legislature this statute was amended by the following paragraph:
Whenever by inadvertence said minutes and proceedings may remain unsigned or the judge of said court dies before signing the minutes, the succeeding judge or judges of said court may, in their discretion, examine into said unsigned minutes and ascertain as to the correctness thereof, and after same shall have been read in open court and, if the court is of the opinion that same are true and correct, then the said minutes may be signed and adopted by said judge or judges.
It is evident that the legislature was of the opinion that section 1665 as construed by this Court was too rigid and that it had resulted in many cases having to be retried where the minutes had inadver *643 tently not been signed or the judge had died before signing them. It is apparent that the purpose of this amendment was to liberalize the statute. The former rule was that the failure to sign the minutes before the expiration of the term rendered all judgments entered in that term void. The amendment had the effect of overruling the former decisions of this Court, and we construe the statute as amended to allow a judge or chancellor to read, correct and sign the minutes after a term of court has ended. We think that the proper interpretation of the statute as now written is that the judgments or decrees rendered and entered on the unsigned minutes are either voidable or valid, as the case may be, depending on the determination by the judge or chancellor as to whether the minutes are correct and should be signed.
Had this question been raised on the former appeal, we would have remanded the case in order for the chancellor to determine whether the minutes were correct and if so, to sign the minutes as authorized by the statute. Appellant not only failed to raise this question, but effectively represented to this Court that a final decree had been entered and that this Court had jurisdiction to determine the issues raised on the appeal. Thus, the question is whether appellant can now be heard to say that this Court had no jurisdiction of the appeal. Of course, if the decree were void because of the failure of the chancellor to sign the minutes, then appellant would not, by his actions, have waived such a defect. However, as heretofore stated, the decree was not void, but was either voidable or valid depending upon the action of the chancellor. The decree being at the most voidable, Eubanks could and effectively did waive such defect and is now estopped to deny the validity of the decree.
Appellant does not contend that the trial court did not have the jurisdiction of the parties and the subject matter of the original suit. He contends rather that this Court did not have jurisdiction of the former appeal because the decree on the unsigned minutes did not constitute a final decree. However, he treated the decree as being a final decree and represented to this Court that it was a final decree. By so doing, he induced us to take jurisdiction of the appeal and he cannot now be heard to say that we did not have jurisdiction. By his action he is estopped to deny that this Court had jurisdiction of this appeal.
For the reasons stated, the decree of the Chancery Court of Lamar County is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.
ROBERTSON, Justice:
ON SUGGESTION OF ERROR, MOTION TO CORRECT JUDGMENT, AND MOTION TO ASSESS ATTORNEY’S FEES
The Appellant, P. T. Eubanks, has filed a suggestion of error which in effect is both a suggestion of error and a motion to correct judgment. The appellees have filed a motion to assess attorney’s fees and also a response to the suggestion of error. Appellant has also filed a reply brief to the response of appellees.
The suggestion of error, that this court erred in affirming the action of the Lamar County Chancery Court in dissolving the temporary injunction issued against ap-pellees, is overruled.
Inasmuch as this was an interlocutory appeal, the case should have been affirmed and remanded.
On remand the trial court can correct its decree to provide only for a dissolution of the temporary injunction. It should not have included in its decree *644 a personal judgment against the appellant, P. T. Eubanks, and the sureties on his bond.
Section 1351, Mississippi Code 1942 Annotated (1956) specifically covers this point, when it says:
“A bond to enjoin proceedings at law on a judgment for money, upon the dissolution of the injunction, in whole or in part, shall have the force and effect of a judgment against the obligors; and being certified by the clerk of the court in which it is filed to the Clerk of the court in which the judgment was rendered, execution may be issued against the obligors for the amount of the judgment which was enjoined.” (Emjphasis added)
Griffith, in his Mississippi Chancery Practice section 459, clearly and accurately construes these statutes on dissolution of injunctions, as follows:
“Care must be taken at the outset to observe that these sections are, in one respect, self-executing. Under these sections, when an injunction is sought to enjoin proceedings at law on a judgment for money and the injunction is dissolved the decree of dissolution itself and without more has the force and effect of a judgment against the obligors in the bond; and its sole method of enforcement, as the statute expressly provides, is that this decree of dissolution shall be certified to the clerk of the court in which the judgment was originally entered, there to be enforced by execution therefrom to be issued. The decree of dissolution, therefore, should not extend further and render personal decree on the bond, for the effect of that would be to allow two judgments for the same debt or cause of action, one in the chancery court and the other in the court where the judgment was originally rendered. On dissolving the injunction the decree must be limited to the dissolution and to fixing of an award of the damages for the improper suing out of the injunction, and must not extend further.” (Emphasis added)
Judge Griffith cites as his authority for the above statements the cases of Gotelli v. Fountain, 127 Miss. 577, 90 So. 250 (1922); Courtney Brothers v. John Deere Plow Company, 122 Miss. 232, 84 So. 185 (1920); and Steadman v. Butler, 95 Miss. 695, 49 So. 614 (1909). We add the case of Russ v. Stockstill, 155 Miss. 368, 124 So. 359 (1929).
The motion to assess attorney’s fees in this Court is overruled. Section 1352, Mississippi Code 1942 Annotated (1956) provides in part:
"When an injunction, obtained to stay proceedings on a judgment at law for money, shall be dissolved, in whole or in part, damages at the rate of five per centum shall be added to the judgment enjoined, or to so much thereof as shall be found due, including the costs * * * unless the value of the property, the sale of which was restrained, be less than the amount of the debt, in which case the damages shall be computed on the value of the property, to be ascertained and determined by the chancellor * * (Emphasis added)
In exceptional cases actual damages may be allowed in lieu of statutory damages. Nixon v. Seal, 78 Miss. 363, 29 So. 399 (1901); Williams v. Bank of Commerce, 71 Miss. 858, 16 So. 238, 42 Am.St.R. 503 (1894). It may be that the chancellor intended this when he found that a reasonable attorney’s fee for the wrongful suing out of the injunction would be $200. In any event, appellees cannot recover both statutory damages and actual damages; they can recover only one or the other.
The suggestion of error and motion to assess attorney’s fees are overruled, and the cause is remanded to the chancery court for entry of appropriate decree in accordance with this opinion.
All justices concur.