ROWENA L. M. NIXON *v.* MARY N. SEAL, ADMINISTRATRIX.

1. INJUNCTION.   *Liability on bond.*   *Code* 1892,` § 572.

> Section 572, code 1892, which allows damages at the rate of five per centum on the dissolution of an injunction to stay sales under deeds of trust or mortgages with power of sale, applies whether the injunction be sued out by a party to the instrument or by a stranger.   *Williams* v. *Bank*, 71 Miss., 858, approved.

2. SAME.

> Where in such case the statutory damages are allowed, they are exclusive of all others.

FROM the chancery court of Harrison county.

HON. NATHAN C. HILL, Chancellor.

Mrs. Seal, administratrix, appellee, was the complainant in the court below; Miss Nixon, the appellant, was defendant there.   The object of the bill was to enjoin a sale of land under a deed of trust executed by the late Col. Roderick Seal to Miss Nixon to secure a debt.   After the death of Col. Seal the appellant was proceeding to have the land sold under her deed of trust when she was enjoined by the appellee, the administratrix of Col. Seal's estate.   A preliminary injunction was obtained, but was afterwards dissolved.   The court below, on dissolution of the injunction, allowed Miss Nixon only five per centum on the amount of the debt secured by her deed of trust for damages because of the wrongful suing out of the injunction.   She claimed a much larger sum, and appealed to the supreme court from the decree limiting her damages to said five per centum.

*White & Harper,* for appellant.

The chancellor held, and so rendered a decree, that the proper amount of damages was five percentum on the amount of debt secured by the deed of trust and that the larger amount

suffered and proved by the appellant could not be considered or recovered. This decision was rendered by the chancellor in obedience to the rulings of the court in the case of *Williams* v. *Bank*, 71 Miss., 858. It is our purpose to controvert the doctrine held in that case and ask the court to reconsider the question presented and to overrule or modify that decision in so far as it holds that the second clause of the section of the statute construed applies to strangers as well as to parties to deeds of trust or mortgagees with power to sell. There can be no legal distinction drawn between the two clauses of § 572, code 1892. Both of them apply to strangers or neither one does. No discriminating judge, after a fair and full consideration, will say that one applies to strangers and the other does not, and the case which so decided is not well considered, and the opinion of the justice does not reflect the credit and strength due his charter and his reputation. "Every statute is to be construed with reference to its intended scope and the purpose of the legislature in enacting it, and where the language used admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute." *Barber* v. *Terrell*, 8 Minn., 195; *Delafield* v. *Golden*, 1 Paige, 139; *Henry* v. *Thomas*, 119 Mass., 583; *Estate of Tichmore*, 13 Mich., 44.

If the evident and plain purpose of the act is to effect only a particular class of persons, the generality of the language employed will not have the effect of including a single individual not belonging to that class, though the mere words might include them. *United States* v. *Sanders*, 22 Wallace, 492.

Now, what was the specific purpose of the act under consideration? What was the law prior to this act? The law was that in all cases of damages suffered by reason of the wrongful suing out of injunctions the sum to be awarded was the amount of damages sustained. The object of this statute was not to give actual damages, but to inflict another penalty in two sets of cases, namely, where judgment had been obtained or deeds

Opinion of the court.

of trust given to secure debts. The legislature presumed that where a debt had been enforced in a court of law and the defendant had been allowed every available defense, that the debt is presumably correct in every respect, and if the defendant undertook to set it aside after it had been passed upon by a court of competent authority, and he being fully advised of the facts connected with the court's action, if he failed to make good his injunction they could visit him with a penalty of five per centum damages for his temerity in delaying justice when he had no merits. So the legislature thought that if a party would acknowledge a debt to be due, and sign, seal and deliver a mortgage with full power of sale, the presumption is that the debt is correct, and if he desires to resist its payment, with full knowledge of all the facts, and fails to make good his defense, the penalty for such delay is five per centum. The mortgage and the judgment stand precisely upon the same footing, and the reasons for applying the statutory rule are precisely the same. It was never intended that either should extend to strangers or to persons ignorant of all the facts in the case. If such intention existed it would not be a sensible, valid or just law.

*Miller & Ford*, for appellee.

The cases of *Fox* v. *Miller*, 71 Miss., 598; *Williams* v. *Bank*, 71 Miss., 858, and *Wynne* v. *Mayson*, 72 Miss., 424, construing code 1892, § 572, certainly leave no doubt but that the damages were correctly limited to five per centum on the mortgage debt. This court has already answered the arguments of the appellant's solicitors, and we are relieved from so doing by citation of the above cases.

CALHOON, J., delivered the opinion of the court.

We decline to respond to the very able argument of counsel for appellant by overruling *Williams* v. *Bank*, 71 Miss., 858. That case stands.　　　　　　　　　　　　　　*Affirmed.*