JOHN CURPHY, ET AL., v. ALEXANDER TERRELL, ET AL.

[42 South. Rep., 235.]

1. CHANCERY PRACTICE. *Injunction. Dissolution. Appeal. Solicitor's fees.*

   If an injunction be dissolved by the chancery court and an appeal prosecuted to the supreme court to reverse the decree and reinstate the injunction, the appellees are entitled upon affirmance of the decree and return of the cause to the chancery court to an allowance by way of a reasonable fee for the services of a solicitor in the supreme court resisting the effort to reinstate the injunction, although the chancery court in the decree from which the appeal was taken made an allowance for a solicitor's fee for services in that court in procuring the dissolution.

2. SAME. *Case. Supreme court counsel fees.*

   The allowance made in this case by the chancery court for a solicitor's fee in the supreme court was excessive; it should not have exceeded one-half of a proper fee in the chancery court.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor

Curphy and others, appellants, were complainants in the court below; Terrell and others, appellees, were defendants there. From a decree sustaining defendants' motion for an allowance on account of solicitors' fees for services on an appeal (a former one) to the supreme court, against them and the sureties on their injunction bond, complainants appealed to the supreme court.

The case was once before in the supreme court on appeal by appellants from an interlocutory decree of the court below dissolving an injunction and allowing to appellees, as solicitor fees, $330 for services in the court below in procuring the dissolution of the injunction. The supreme court affirmed this decree, *Munday* v. *Terrell,* 87 Miss., 282 (s.c., 39 South. Rep., 477), and when the cause was remanded to the court below,

appellants having paid the $330, defendants, present appellees, moved the chancery court to allow them additional solicitors' fees for services rendered by their counsel on the appeal, and to dismiss the cause. Evidence was taken to show what was a reasonable fee for the supreme court services, and the court sustained the motion and allowed $300 against the obligors on the appeal bond for fees of counsel in the supreme court.

*McLaurin, Armistead & Brien,* for appellants.

As appears from the record of this case on the former appeal to this court, *Munday* v. *Terrell,* 87 Miss., 282 (s.c., 39 South. Rep., 477), this suit was originally instituted by the present appellants, who sued out an injunction to restrain the present appellees and certain other defendants from interfering with the labor and business of appellants. The court below dissolved the injunction against the present appellees, and assessed $330 damages, as solicitors' fees for appellees, against appellants' injunction bond. The above mentioned appeal was taken to this court from that decree, and was here affirmed. When the mandate was returned to the court below, that court, without any litigation having been before it since the appeal and affirmance, without any amended bill having been filed, and without any further steps to cause additional attorneys' fees, on the motion of appellees for assessment of addition solicitors' fees, awarded further damages in favor of appellees to the extent of $300 solicitors' fees, which, with the above $330, made a total of $630. It will thus be seen that after affirmance of the case on appellants' former appeal, they paid the fees ·formerly decreed by the chancery court, and after the affirmance found themselves required by that court to pay forthwith to appellees another amount as damages representing additional solicitors' fees.

The action of the court below in thus charging additional damages upon appellants after the affirmance on former appeal, was erroneous. We can find no warrant for it under any of the

statutes of the state. On examination of the authorities some cases may be found which may seem to warrant the chancery court's action, but they are foreign to our state, and predicated of particular statutory provision.

A careful examination of Code 1892, § 573, will settle the question in our favor. No special provision exists in our code allowing attorneys' fees as damages on injunction bonds, but the same was held to be proper under the general chancery practice, in *Baggett* v. *Beard,* 43 Miss., 120. But that case went no further than to allow damages for the "dissolution" of the injunction, though it was a suit at law on the injunction bond. Code 1892, § 573, prescribes the only method by which solicitors' fees may be recovered in a chancery court on dissolution of an injunction, which is, that suggestion to such end must be made in writing stating the nature and amount of the damages, to be considered by the court on the hearing of motion to dissolve. On the trial of this cause in the court below, on motion to dissolve the injunction originally granted, the damages, including solicitors' fees, were suggested in writing. Solicitors' fees, $330, were allowed, and were, after affirmance, paid. This is the full extent to which they can be allowed under the statute. And the fact that appeal was taken from the decree allowing the $330, does not warrant a subsequent and additional allowance of fees for services in the supreme court.

The authorities are uniform that in interpreting bonds, the doctrine of strict construction applies. *Brinker* v. *Leinkauff,* 64 Miss., 236 (s.c., 1 South. Rep., 170); *Baggett* v. *Beard, supra.* The same rule is laid down by High in his work on Injunctions, vol. 2, sec. 1636. Under the rule of construction of the terms of our statute, Code 1892, § 576, as construed by the above authorities, only those damages which have been suggested in writing can be allowed on a motion to dissolve, and no damages are permissible except damages for "dissolution" of the injunction. All such damages

were settled for in the payment of the $330. There can be but one "dissolution" of the injunction under the above statute. Hence, the allowance of the additional sum of $300 was clearly error.

As showing that the injunction bond can only be construed to cover damages up to the dissolution of the injunction, and that it cannot be held to cover any damages for continuance of the injunction in force by appeal, see 16 Am. & Eng. Ency. Law, 452; 2 High on Injunctions, 1636, 1687; *Webber* v. *Wilcox,* 45 Cal., 301. Dissolution of the injunction was a dismissal of the bill as to the defendants. *Derdeyn* v. *Donovan,* 81 Miss., 696 (s.c., 33 South. Rep., 652). And see *Wallace* v. *Dilley,* 7 Md., 237; Spellman on Extraordinary Relief, sec. 955; *Elwood Mfg. Co.* v. *Rankin,* 70 Ia., 403.

"Fees (assessed as damages in injunction cases) should be limited to services in procuring a dissolution in the court below, and should not include services upon an appeal after the dissolution of the injunction." 2 High on Injunctions, sec. 1687.

The lower court based its action in allowing the additional damages, on the case of *Jamison* v. *Dulaney,* 74 Miss., 890 (s.c., 21 South. Rep., 972), and especially upon that part of the opinion of WHITFIELD, C. J., which referred to the services of counsel for appellees rendered in the chancery court "and in this court." We submit that this was a misconstruction of the opinion; that the facts of the case will not warrant the holding that the court intended in that case to say, in the face of all the text-books to the contrary, that solicitors' fees for services in the supreme court could be allowed to appellees after they had been previously allowed a reasonable sum for the whole service performed in the court below.

If the court should sustain the contention of the appellees, and affirm the ruling of the court below as to damages allowed, we see no reason why, when this cause should come back again to the chancery court, appellees should not make another

motion for damages for services rendered by their counsel in protecting appellees' interests in here litigating this appeal in regard to solicitors' fees; and each appeal, if affirmed, would be the ground for a new motion for damages to protect appellees from being charged a fee by their counsel for services in the supreme court on some branch of the litigation in this case. We think this would come within the condemnation which the federal courts have announced in denying attorneys' fees in injunction cases. *Oehlrichs* v. *Spain,* 15 Wall (U. S.), 231.

The injunction bond in this cause was only for $500. The above-mentioned $330 damages, as to which appeal was taken and affirmance here rendered, were allowed against this bond. Counsel for appellees were aware, on moving for further assessment of damages to cover services on appeal, that the law did not authorize an assessment against the bond for a sum in excess of the penalty of the bond, against which said sum of $330 was already charged. 16 Am. & Eng. Ency. Law, 464. Hence they sought to recover, for damages for services in the appellate court, on the appeal bond. This was clearly unwarranted. Code 1892, § 573. The appeal bond was liable only for the costs and damages allowed by the court below, on the dissolution of the injunction, and should not have been taxed with the additional damages sought in this case. *Hamilton* v. *Hardesty,* 32 Md., 348.

*Henry & Scudder, for appellees.*

We can see no reason why the appellees, the defendants in the court below, should not be as much entitled to damages in the way of allowance for solicitors' fees in having proper defense made in this court against the appellants' attempt to annul the dissolution of the injunction and reinstate the same, as they are entitled to damages for attorneys' fees for services in defending against the injunction and upholding their legal rights in the original procurement of its dissolution in the chancery court.

In *Jamison* v. *Dulaney,* 74 Miss., 890 (s.c., 1 South. Rep., 972), this court said: "When the case was the second time remanded, the counsel for appellee, who had rendered services at all stages of the cause in the chancery court *and in this court,* were allowed $400, less the previous allowance, and this appeal brings into review the propriety of this action of the learned chancellor." The court then cited *Hammerslough* v. *Kansas City,* 79 Mo., 87; *Thomas* v. *McDonald,* 77 Ia., 302, and *Bolling* v. *Tate,* 65 Ala., 417, 428. And the court affirmed the decree of the chancery court which allowed damages for solicitors' fees in defending the whole case. In that case the services of counsel were rendered for the greater part in the supreme court.

The principles determining this case are plainly set forth in the case of *French Piano Co.* v. *Forbes, et al.,* 32 South. Rep., 678, an Alabama case, where in an injunction suit an appeal was taken by the defendant from the chancellor's decree dissolving the injunction, and in the appellate court it was contended by appellants that there could be no recovery on the injunction bond of solicitors' fees incurred on such appeal. But the court held otherwise, citing *Bolling* v. *Tate,* 65 Ala., 417 (39 Am. Rep., 5); *Cooper* v. *Hames,* 93 Ala., 280 (s.c., 9 South. Rep., 341), and *Jackson* v. *Millspaugh,* 100 Ala., 285 (s.c., 14 South. Rep., 44).

A supersedeas bond on appeal operates to hold the original injunction in force, and the different courts of our country have treated the continuance of the injunction by force of a supersedeas bond to be simply the continuance of the original injunction. *Penrice* v. *Wallis,* 37 Miss., 172. There can be no merit in the contention of appellants that the code prescribes only one dissolution of the injunction, and prescribes in only one place, in terms, a statutory remedy for recovery of such damages. The right exists outside of the statue. The purpose

for which equity jurisdiction was conferred was to give a remedy where the common law, by reason of its universality, fell short.

The record shows that evidence was taken as to the value of solicitors' services rendered in the matter of the supreme court appeal, and that the mandate was filed in the court below, and that appellees filed their motion to have the cause dismissed. In absence of proof that a less fee had been agreed upon, the necessary inference of the court was that the measure of liabil-. ity of appellees for counsel fees was shown by the amount of fee charged in their written statement of damages for solicitors' fees for services to the extent shown by the evidence to be reasonable.

As regards the contention that recovery was sought against the appeal bond rather than against the original injunction bond, we refer to *Rees* v. *Peltzer,* 1 Ill., 315, holding that in case of appeal and continuance of an injunction, resort must be had to the appeal bond for the recovery of damages. To the same effect is *Hamilton* v. *Hardesty,* 32 Md., 348. It is stated in *Penn* v. *Holberg,* 53 Miss., 567, that "so long as the suit remains in court undetermined, it is always possible, however, improbable, that cause may be shown to reinstate and render perpetual the injunction in whole." That case, and also *Yates* v. *Mead,* 69 Miss., 473 (s.c., 13 South. Rep., 695), and *Goodbar* v. *Dunn.,* 61 Miss,. 624, are authority to the effect that there must be a final decree before a suit on bond for damages can be instituted. This plainly shows that an allowance of damages on interlocutory decree dissolving injunction is not final.

The case of *Oehlrichs* v. *Spain,* 15 Wall (U. S.), 231, and other cases cited by appellants, in view of our statutory law, cannot be authoritative in the determination of the question here. We respectfully submit that *Jamison* v. *Dulaney, supra,* settles the matter in our favor.

WHITFIELD, C. J., delivered the opinion of the court.

This case is controlled by the principle announced in *Jamison* v. *Dulaney,* 74 Miss., 890 (s.c., 21 South. Rep., 972). The principle is this: When an injunction is sued out merely in aid of or as auxiliary to the principle equitable relief sought to be established by the bill, and the injunction is dissolved, counsel fees caused by the wrongful issuance of the injunction are properly recoverable both for services in securing the dissolution in the lower court and for services in preventing that decree from being reversed in the supreme court, because all such services, so rendered, are rendered in the effort to dissolve the injunction and keep it dissolved, and the fees in both courts are directly occasioned as damages by the wrongful issuance of the injunction, always provided that the fees in the supreme court in such case are fees rendered solely in resistance of an interlocutory appeal to reverse the decree dissolving the injunction. If in such case the bill is retained after the injunction has been dissolved for the hearing of the matter of equitable cognizance involved in the bill, that case proceeding to hearing and decree in the court below or later in the appellate court on appeal, no counsel fees can be allowed the attorneys for the respondent, for services thus rendered not in and about the dissolution of the injunction at all, but solely in and about the conduct of the trial on the hearing in the chancery court or the supreme court, for the obvious reason that those fees were in no way occasioned by the issuance of the injunction. So in those cases in which there is no matter of equitable cognizance at all, except the injunction itself, and in which, of course, the dissolution of the injunction involves the dismissal of the bill, counsel fees are allowable for services both in the court below and in the supreme court, for the very obvious reason that they are all incurred in securing and maintaining the dissolution of the injunction, and are thus damages caused by its issuance.

The principle is plainly stated in the case referred to, and in the case of *French Piano Co.* v. *Forbes* (Ala.), 32 South. Rep., 678, where the court says: "In the injunction suit an appeal was taken by the defendant from the decree of the chancellor dissolving the injunction, and it is now contended by appellants here that there can be no recovery in a suit on the injunction bond for attorney's fees incurred by the plaintiffs on such appeal. The purpose of the appeal was to review and reverse the decree dissolving the injunction, and the reversal of the decree would necessarily reinstate the injunction. Attorney's fees incurred in resisting the effort to have the decree of dissolution set aside are as much the natural and proximate results of the issuance of the writ as are the fees incurred in procuring the dissolution in the first instance. . . . The bond sued on contracts to pay damages caused by the issuance of the writ, and such as are the natural and proximate consequence of its issuance, and not antecedent damages. It is insisted that what was said in *Bolling* v. *Tate,* 65 Ala., 417 (39 Am. Rep., 5), in this connection, is dictum, and should be departed from. We have approved of the reasoning employed in that case, and now sanction as the law what is insisted by counsel was dictum —citing 65 Ala., 417 (39 Am. Rep., 5); *Cooper* v. *Hames,* 93 Ala., 280 (s.c., 9 South. Rep., 341); *Jackson* v. *Millspaugh,* 100 Ala., 285 (s.c., 14 South. Rep., 44)." The cases cited by the learned counsel for the appellant are not in point. They are simply cases or text-books announcing the well-settled proposition that the injunction bond is not a security for the fees for services rendered in the conduct of the case on its merits.

It is a matter of common knowledge amongst the profession that a less fee should be allowed for services in the supreme court than in the circuit or chancery court. The old tariff in use in this state customarily made the fee in this court one-half the fee in the court below. The whole profession may be said to have knowledge of this fact. The appeal from the decree

Statement of the case.

below presents this as a question for our consideration, and we are of the opinion that $15 each was the limit of a proper allowance for services in this court, in view of the fact that $300 had already been allowed for services rendered in the court below in securing the dissolution of the injunction.

*The decree will be reversed, and a decree entered here for one-half the amount awarded below. So ordered.*