## SMITH *v.* PERKINS, *et al.*

[88 South. 531, No. 21566.]

COSTS. *No attorney's fee held allowable for defending judgment in injunction suit on appeal.*

Where an injunction is sued out to restrain sales of property under mortgages, deeds of trust, or judgments, the 5 per cent. damages allowed under the provision of section 623, Code of 1906, (section 383, Hemingway's Code), for the dissolution of such injunction includes all damages, and no more can be recovered, and this is true even though there is an appeal to the Supreme Court from the judgment dissolving the injunction, and, consequently, where the 5 per cent. damage has been recovered in the court below, no attorney's fee will be allowed here for defending the judgment on appeal.

On respondents' motion for an attorney's fee. Motion overruled.

For former opinion, see 88 So. 177.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed a bill to enjoin a sale under a mortgage. The injunction was dissolved by the final decree of the chancery court which decree allowed five per cent., from which judgment an appeal was prosecuted with a *supersedeas,* and which was affirmed by this court on a former day of this term, and suggestion of error overruled. Now the appellee files this motion for an attorney's fee for defending the appeal.

Section 623, Code of 1906 (section 383, Hemingway's Code), reads as follows:

"When an injunction, obtained to stay proceedings on a judgment at law for money, shall be dissolved, in whole or in part, damages at the rate of five per centum shall be added to the judgment enjoined, or to so much thereof as shall be found due, including the costs; and the clerk of the chancery court shall certify such dissolution to the clerk of the court in which the judgment was rendered, who shall thereupon issue execution for the damages, as well as for the original debt and costs. Damages at the same rate shall be allowed upon the dissolution of injunctions to stay sales under deeds of trust, or mortgages with power of sale; and such damages may be added to the debt, and collected by the sale of the property, or execution may issue from the chancery court for the same, together with the costs of suit, unless the value of the property, the sale of which was restrained, be less than the amount of the debt, in which case the damages shall be computed on the value of the property, to be ascertained and determined by the chancellor; and in all cases upon the dissolution of an injunction the damages may be ascertained by the court or chancellor, or upon reference to a master, and proof, if necessary, and decree therefore be made, and execution be issued thereon."

This section has been constructed in a number of cases so as to make the five per cent., allowance for damages to include all damages. In the case of *Williams* v. *Bank of Commerce*, 71 Miss. 858, 16 So. 238, 42 Am. St. Rep. 503, this court so held. In *Mortgage & Trust Co.* v. *Fitzpatrick et al.*, 16 So. 877, the court again held that it was in lieu of all damages, and where they were not claimed, none could be allowed. *Williams* v. *Bank, supra,* was attacked in *Nixon* v. *Seal*, 78 Miss. 363, 29 So. 399, but the court adhered to this decision. We think these cases are still authorities, and announce the correct construction of the statute. There seem to have been some cases in which damages have been allowed contrary to this section, but in these decisions the attention of the court was not called to the fact that the damages were governed by the statute, and no point was made against the allowance of attorney's fees. We do not think these decisions have overruled former decisions or changed the construction of the statute.

The appellee, having secured the full five per cent, allowed by the statute, is entitled to no further allowance, and the motion will be overruled.

*Overruled.*