SILVER CREEK CO. *v.* HUTCHENS, CHANCERY CLERK, *et al.*

(Division A. Jan. 1, 1934.)

[151 So. 559. No. 30931.]

H. **Talbot Odom** and **P. D. Montjoy, Jr.**, both of Green-
wood, for appellant.

C. M. Murphy, R. H. Nason, and V. B. Montgomery, all of Belzoni, for appellees.

Argued orally by **H. T. Odom**, for appellant, and by **V. B. Montgomery**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, Silver Creek Company, filed its bill of complaint against A. R. Hutchens, chancery clerk of Humphreys county, the state of Mississippi, R. D. Moore, state land commissioner, T. L. Gilmer, sheriff and tax collector of Humphreys county, and the board of Mississippi levee commissioners, seeking to set aside and cancel an alleged void tax sale of lands owned by the appellant, for the state, county, and levee taxes due thereon for the year 1930.

The bill of complaint alleged that the appellant was the owner of large tracts of land located in Humphreys county, Mississippi; that for the year 1930 the assessment against said lands was, without authority of law, and without notice to the appellant, illegally increased approximately fifty per cent. over the assessment for the previous year; that, believing such increased assessment to be unfair, unjust, excessive, and illegal, the appellant refused to pay the taxes for the year 1930, and permitted said land to be sold by the tax collector, at which sale they were struck off and sold to the state of Mississippi for the amount of the alleged delinquent taxes thereon; that, in selling the lands in pursuance of a notice of sale previously published, the tax collector failed to comply with the requirements of section 3249, Code 1930, in that he did not first offer forty acres, and, if the first parcel so offered did not produce the amount due, then offer another similar subdivision, and so on until the required amount was produced, or until all the land constituting one tract and assessed as the property of appellant was offered for sale before striking off to the state the appellant's land.; and therefore the said attempted sale was null and void, and conveyed no title whatever to the state.

With this bill of complaint the appellant offered to and did pay into court the sum of fifteen thousand five hun-

dred seventy-four dollars and ninety-four cents, the amount demanded by the chancery clerk for the redemption of said lands from the alleged void tax sale, and as ancillary relief under the bill the appellant prayed for and obtained an injunction against the chancery clerk, commanding him to accept the said money and issue releases covering said lands, but restraining him from distributing the said sum to the various taxing districts interested therein, for the alleged reason that the said taxing districts were insolvent and could not be made to respond in judgment or be made to refund the amount, in the event said tax sale should be held to be void.

The bill of complaint was filed on March 27, 1933, and was returnable to the April rules of the court. On April 7, 1933, the defendants, A. R. Hutchens, chancery clerk, and T. L. Gilmer, sheriff and tax collector, filed an answer and cross-bill, and also a motion to dissolve the injunction, and suggestion of damages. The answer denied that the tax sale was illegal, and averred that all the taxing districts to which the money would be distributed in due course were solvent, and that the funds paid into court should be distributed to the proper districts. By their cross-bill the cross-complainants sought a decree validating and confirming the said tax sale, and directing the distribution to the proper funds of the redemption money paid into court; or, in the event the state tax sale should be held to be void, a decree fixing a lien against the said lands for all taxes, damages, and costs. On April 26, 1933, the state of Mississippi, the state land commissioner, and the Mississippi levee board filed an answer, cross-bill, motion to dissolve and suggestion of damages, their answer and cross-bill adopting in all respects the answer and cross-bill previously filed by the chancery clerk and sheriff.

On June 7, 1933, the appellant here and cross-defendant in the court below filed its answer to the cross-bill deny-

ing all the allegations thereof, and in such answer specifically and unconditionally released the defendants and cross-complainants, and each of them, from the injunction as to the distribution of the money paid into court in so far as the actual taxes on said land were concerned, amounting to twelve thousand one hundred seventy-four dollars and eighty-four cents, but retained said injunction in so far as the penalties, damages, and interest were concerned.

There was no interlocutory hearing of the motions to dissolve the injunction during vacation, and, when the cause came on for hearing during the regular June, 1933, term of the chancery court of Humphreys county, counsel for defendants dictated into the record an agreement of counsel in the following language:

"It is mutually agreed by the attorneys and parties in this cause, that an interlocutory hearing of this matter was fixed for hearing at Indianola, Mississippi, in vacation, on June 1, 1933; that the interlocutory hearing was to be on motion to dissolve the injunction, upon bill, answer and proof, and suggestion for damages; that it was impossible for the matter to be heard on June 1st, and all of the attorneys and parties then agreed that the interlocutory hearing would take place at Belzoni, Mississippi, in term time, on June 13, 1933, but that although heard in term time, the rights of all parties would be exactly the same as though the hearing had taken place at Indianola, Mississippi, in vacation, on June 1, 1933, and that all parties, both the complainant, and defendant will have the same right to make all objections, or take any other position, exactly the same as though the matter were being heard in vacation upon the statutory notice of five days for the dissolution of an injunction; in other words, neither of the parties would forfeit any rights by waiting until the June term of court, but the matter would then be proceeded with as if on statutory notice in vacation."

Counsel for the complainant then stated for the purpose of the record that the foregoing was the substance of an agreement reached by counsel, but he objected to taking up the motions to dissolve, unless at the same time the cause was heard on its merits, and assigned as the grounds of his objection the following:

"First.—That the first effort to get a hearing on this motion, as shown by the agreement, was June 1st, however, I think it was previously set to be heard on the 29th day of May, and finally agreed on the 1st, although the bill of complaint in this case was filed on March 27, 1933, the pleadings show on their face there was no necessity of going into the motion, apart from the hearing on the merits.

"Second.—The pleadings show on their face the court will have to go into the case on its merits in order to pass upon motion to dissolve:

"Third.—The pleadings show that the complainant, on filing the bill, paid into court the total sums of taxes, interest and cost due in this action, and the monies are now on deposit in the county depository, to the credit of A. R. Hutchens, clerk of the chancery court:

"Fourth.—That no damages can possibly be sustained by defendants, or any of them, by going into the case on its merits at this time, instead of a hearing on the motion to dissolve, and that a final result of the hearing on the merits will fully protect the rights of all parties in this cause is apparent from the motion of defendants, and suggestion of damages, when considered with the pleadings herein; that the sole purpose of the motion is to attempt to impose attorneys' fees on the complainant and the surety on the injunction bond.

"Fifth.—It is apparent from the pleadings and motion to dissolve, that the same relief is asked in the cross-bill and in the motion to dissolve;

"Sixth.—That the motion should not be heard sep-

arately, because it is principally for attorneys' fees, which would be improper in this cause, inasmuch as the injunction is ancillary and incidental to the relief sought, the bill of complaint having been filed on independent grounds of equitable cognizance, and not filed for an injunction."

The court overruled these objections of the appellant, and proceeded with the hearing on the motion to dissolve in advance of the hearing on the merits of the cause. Thereupon the respective parties introduced a number of witnesses to establish their contentions in reference to the manner in which said sale was conducted by the tax collector, and upon this evidence the court sustained the motions to dissolve, and immediately thereafter proceeded with the hearing on the merits of the cause; whereupon the parties each reintroduced the same evidence that had been offered upon the hearing of said motions and rested. Thereupon the court rendered a decree finally dismissing the bill of complaint, ordering the chancery clerk to deliver to the appellant the tax releases covering its lands and releasing the same from the 1931 tax sale, ordering the distribution to the proper persons and funds lawfully entitled thereto, of all the money paid into court in said cause, allowing the appellee damages by way of attorney's fees in the sum of one thousand two hundred dollars, and taxing the appellant with all costs. The action of the court in dissolving the injunction on the interlocutory hearing and its adjudication on the final hearing on the merits were embodied in one general decree, from which this appeal was prosecuted.

On the hearing of the motions to dissolve the injunction and on the merits but one and the same issue of fact was presented, and that was whether or not the said tax sale of 1931 was conducted according to the provisions and requirements of section 3249, Code 1930. Upon this point, the appellant offered a number of witnesses, and

appellee offered an equal number; and on this appeal, in
so far as the merits of the cause are involved, the only
contention of appellant is that the decree of the chancel-
lor is opposed to the great weight of the testimony, and
for this reason should be reversed. Upon the point at
issue the testimony is sharply conflicting. There is ample
evidence to support the chancellor's finding of fact; and
we are unable to say that the decree is manifestly wrong.
Therefore it must be affirmed. Ætna Insurance Co. v.
Robertson, 131 Miss. 343, 94 So. 7, 95 So. 137, and au-
thorities there cited.

There is no reason apparent on the face of the record
why it was necessary or of any advantage to the ap-
pellees, other than to preserve the right to attorney's
fees, that the motion to dissolve should have been heard
as an interlocutory matter during the regular term of
the court, separate from the hearing on the merits, and,
in the absence of an agreement preserving the right to
such a hearing, and preserving all the rights that de-
fendants would have had at such a hearing in vacation,
we would unhesitatingly hold that attorney's fees for
dissolution of the injunction were improper. The com-
pleted hearing on the merits apparently demonstrates
that the only purpose of the interlocutory hearing was
to charge the appellant with attorney's fees for the
wrongful issuance of the injunction, but it appears that
it had agreed that just that result should follow when
it entered into an express agreement that there should
be an interlocutory hearing on the motion to dissolve
on a fixed date of the regular term, with all the rights
that the defendants would have had on an interlocutory
hearing in vacation carefully preserved.

Whatever may have been the reasons which actuated
the appellant in making this agreement, and they are not
apparent from the record, it thereby secured the reten-
tion of the injunction in force until the date fixed for the
hearing of the motions to dissolve. It had the right to

make the agreement, and is now bound thereby. In the case of Curphy v. Terrell, 89 Miss. 624, 42 So. 235, it was held that: "When an injunction is sued out merely in aid of or as auxiliary to the principal equitable relief sought to be established by the bill, and the injunction is dissolved, counsel fees caused by the wrongful issuance of the injunction are properly recoverable both for services in securing the dissolution in the lower court and for services in preventing that decree from being reversed in the Supreme Court, because all such services, so rendered, are rendered in the effort to dissolve the injunction and keep it dissolved, and the fees in both courts are directly occasioned as damages by the wrongful issuance of the injunction, always provided that the fees in the Supreme Court in such case are fees rendered solely in resistance of an interlocutory appeal to reverse the decree dissolving the injunction."

In the case at bar the award of damages for the dissolution of the injunction was withheld until the final determination of the case, as was held to be proper in the case of Staple Cotton Co-op. Ass'n v. Borodofsky, 139 Miss. 368, 104 So. 91. We think, however, that the award of attorney's fees of one thousand two hundred dollars was grossly excessive.

At the time of the hearing on the motion to dissolve, all the funds affected by the injunction had been unconditionally released therefrom except damages, penalties, and interest amounting to three thousand four hundred dollars and ten cents, and, upon the motion to dissolve, the trial was not extended, and the issues were not complicated. On this issue we think an attorney's fee in excess of five hundred dollars should not have been allowed.

The appellees have filed a motion for allowance of attorney's fees in this court on the appeal from the decree dissolving the injunction. This appeal is from the final decree on the merits of the cause, in which decree was em-

bodied the order of the court dissolving the injunction. In the case of Curphy & Munday v. Terrell, supra, it was held that counsel's fees were properly allowable in the Supreme Court on appeal from a decree dissolving an injunction, "always provided that the fees in the Supreme Court in such case are fees rendered solely in resistance of an interlocutory appeal to reverse the decree dissolving the injunction." On this appeal the principal issue presented for determination involved the merits of the cause, and the services rendered in this court were principally upon the merits, and no counsel fees should be allowed for such service.

The decree of the court below will therefore be affirmed in all respects except as to the amount of attorney's fees allowed for services in the court below. In so far as the decree allowed the sum of one thousand two hundred dollars as attorney's fees, it will be reversed, and a decree will be entered here allowing the sum of five hundred dollars as such fees.

Affirmed in part, and reversed in part.