[No. 32999. Department Two. December 28, 1954.]

WILLIAM R. MCMILLAN et al., Respondents, v. GREAT NORTHERN RAILWAY COMPANY, Appellant.[1]

[1]Reported in 278 P. (2d) 316.

*Thomas Balmer, Clark A. Eckart,* and *R. Paul Tjossem,* for appellant.

*Lewis L. Stedman* and *Lucas A. Powe,* for respondents.

PER CURIAM.—The appellant has for some twenty years been paying to the respondents an annual rental of eighteen thousand dollars on a certain leasehold in the city of Seattle. The lease was for ninety-nine years and was executed in 1927. It called for a rental of twenty-seven thousand dollars a year for the first fifteen years and thirty-six thousand dollars a year for the remainder of the term. As modified in 1932, it provided for a rental of eighteen thousand dollars a year from November 1, 1932, to April 30, 1943. After April 30, 1943, the rental was to be based upon the actual value of the leasehold. Every five years there was to be an appraisal of the leasehold, and the annual rental for the ensuing five years was to be five and one-half per cent of the amount shown by such appraisal, with a minimum of eighteen thousand dollars and a maximum of thirty-six thousand dollars a year. The lessee was to nominate the first appraiser not more than one hundred eighty days and not less than ninety days prior to the beginning of each such five-year period. The lessors were to nominate a second appraiser within fifteen days after receipt of notice of the nomination of the first one, and the two appraisers thus selected were to select a third. The provision relative to the appointment of the appraisers contained the following clause:

"If the Lessee shall fail to so nominate such appraiser it shall pay rent for said premises during such five-year period at the rate of Thirty-six Thousand Dollars ($36,000) per annum."

For the five-year periods beginning May 1, 1943, and May 1, 1948, the parties mutually, in writing, waived the appraisals and agreed upon a rental of eighteen thousand dollars.

The appellant failed to nominate an appraiser for the five-year period beginning May 1, 1953, until May 5, 1953, some ninety-five days after the time allowed by the lease as modified, and the respondents are insisting that they are entitled to thirty-six thousand dollars a year for that five-year period. The appellant urges that it has a right to have the rental fixed by an appraisal. Appellant tendered fifteen hundred dollars a month pending an appraisal. The respondents started this action to recover the stipulated rental of thirty-six thousand dollars, payable three thousand dollars a month, and the trial court held that they are entitled to that amount for each month of the five-year period which began May 1, 1953.

█ While the amounts involved are large, we find no merit in any of the reasons urged by the appellant as to why it should not be bound by the clear and unambiguous language of its agreement. The language is clearly mandatory, and the provision for a rental of thirty-six thousand dollars a year is not a penalty. The facts do not establish the necessary elements of an estoppel or waiver. A discussion of the circumstances which resulted in appellant's failure to nominate an appraiser. within the time limit set by the lease is unnecessary; if a mistake was made it was clearly unilateral, and we find nothing in the circumstances which should challenge the conscience of a court of equity and quicken it to action on behalf of the appellant. However long the discussion of these contentions might be, the inescapable conclusion is that appellant is bound by the terms of the lease as modified.

By the terms of the lease, the respondents are entitled to an attorney's fee. Two witnesses were called by the respondents on this phase of the case. Their testimony fixed twelve thousand five hundred or thirteen thousand five hundred dollars as a reasonable fee under the circumstances. Although appellant

". . . cannot believe that plaintiffs' [respondents'] counsel, or any other attorneys practicing in the City of Seattle or the State of Washington, would think of submitting a bill of $10,000.00 to these plaintiffs,"

it offered no evidence on the amount of attorney's fees.

Although the respondents will receive ninety thousand dollars more rent during the five-year period ending April 30, 1958, than they received for the five-year period ended April 30, 1953, appellant urges that only forty thousand dollars is involved. It bases this figure upon the fact that one of the respondents testified that it was his judgment that a rental based upon a current appraisal as of May 1, 1953, would amount to twenty-eight thousand dollars a year. That is hardly a fair argument, as the appellant at no time offered to pay rental on that basis or conceded that it would be that amount if based upon an appraisal. The rent appellant tendered the respondents for May, 1953, the first month of the new five-year period, before any issue was raised, was still on the basis of eighteen thousand dollars a year. We see no reason for it to minimize the amount involved.

We cannot say that the problems presented to respondents' counsel were unusual or extremely difficult, as we have already indicated that we can see no merit in any of appellant's contentions; nonetheless, the appellant forced the respondents to bring this suit to collect the rent due under the lease, and has thought its contentions sufficiently meritorious to appeal an adverse judgment to this court.

Our own views are that the fee is generous but in no sense an abuse of the trial court's discretion.

The respondents cite only a lien foreclosure case construing a statute authorizing attorney's fees on an appeal as authority for their contention that they are entitled to an additional attorney's fee (other than the statutory one) to be fixed by the superior court for their services on this appeal. We know of no basis for such an allowance. See *Franklin v. Fischer,* 34 Wn. (2d) 342, 208 P. (2d) 902 (1949).

Judgment affirmed.