John H. FREEMAN, Jr., d/b/a Freeman Electric Gin Company, Appellant,

v.

CONTINENTAL GIN COMPANY, Appellee.

No. 23691.

United States Court of Appeals Fifth Circuit.

Oct. 20, 1967.

Norman Craig Brewer, Jr., Greenwood, Miss., John C. Satterfield, Yazoo City, Miss., J. Dudley Buford, Jackson, Miss., Brewer, Deaton & Evans, Greenwood, Miss., Satterfield, Shell, Williams & Buford, Yazoo City, Miss., for appellant.

I. T. Cohen, Atlanta, Ga., Charles Clark, Jackson, Miss., for appellee.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge:

Upon consideration, the petition of appellant for rehearing in the above captioned cause is hereby denied.

With respect to appellee's motion for allowance of attorneys' fees for services in connection with appeal, we have concluded that appellee is entitled to the allowance of additional reasonable attorneys' fees for services rendered in connection with this appeal, and it is ordered that directions in the mandate be to enter judgment for ap-

pellee, plaintiff below, in accordance with the opinion of this Court, including a direction that the District Court consider, determine and award reasonable attorneys' fees to appellee for services rendered on this appeal.

■ The District Court's judgment and this Court's affirmance established that appellee had a contractual right to reasonable attorneys' fees incurred in enforcing their contract with appellant and in collecting the amounts due thereunder. Mississippi follows the majority rule stated in Steele v. Vanderslice, 90 Ariz. 277, 367 P.2d 636, 643, that "The more recent authorities considering contracts which provide for attorneys' fees have made allowances for additional fees for the prosecution or defense of an action in the appellate courts." See T. M. Strider & Co. v. Western Casualty & Surety Co. (Miss., 1942), 10 So.2d 350; Morgan v. United States Fidelity &

Guaranty Co. (Miss., 1966), 191 So.2d 917.* On principle, this result is surely correct. Provision for an attorney's fee is put into a contract by a seller because he wants to be sure that he will obtain the full contract price for the goods and that he does not lose his profit because he is forced to go to court to collect. It is immaterial whether he is put to expense in trial court or appellate court.

In allowing additional fees for legal services on appeal in statutory actions, this Court has sometimes fixed the amount thereof. Fidelity & Cas. Co. of New York v. Henderson, 128 F.2d 1019, 1020 (5 Cir. 1942); Radcliff Gravel Co. v. Henderson, 138 F.2d 549, 550 (5 Cir. 1943); American Crystal Sugar Co. v. Mandeville Island Farms, 195 F.2d 622, 626 (9 Cir. 1952). More recently it has said that this "should be determined in the first instance by the district court." United States for Use and Bene-

---

* The Mississippi cases cited by appellant, Silver Creek Co. v. Hutchens, 168 Miss. 757, 151 So. 559, and Smith v. Perkins, 125 Miss. 203, 88 So. 531, are clearly not in point. The *Silver Creek* case did not involve a contractual right to a fee but applied a Mississippi rule awarding a fee to a party who is successful in having an injunction dissolved where this relief is independent of the merits of the case. The *Smith* case is admitted by appellant to be "not directly in point." Again, no contractual right was involved, but a statute allowing 5% as damages to a party successfully resisting an injunction. The trial court had awarded the full 5%, and it was held that since this was the statutory maximum, no more could be awarded on appeal. The distinction of Morgan v. United States Fidelity & Guaranty Co., 191 So.2d 917, cited above, suggested by appellant is untenable. Since the opinion of the Court in that case has 5½ printed pages of discussion of the merits, the appeal was clearly not frivolous, and the reference to "no merit," Id. p. 924, means only that a successful appellee should get an extra fee. Hales v. Snowden (1940), 40 Cal.App.2d 801, 105 P.2d 1015, relied on by appellant, is not California law. The Arizona Supreme Court in the Steele case, cited above, cites Cirimele v. Shinazy (1955), 134 Cal.App.2d 50, 285 P.2d 311, 52 A.L.R.2d 860, and Wilson v. Wilson (1960), 54 Cal.2d 264, 5 Cal.Rptr.

317, 352 P.2d 725, which hold plaintiff entitled to additional attorneys' fees on appeal where the contract provides for "a reasonable attorney's fee." The Washington case relied on by appellant, McMillan v. Great Northern R. Co. (1954), 45 Wash.2d 802, 278 P.2d 316, does not represent present Washington law. The later case of Puget Sound Mutual Savings Bank v. Lillions (1957), 50 Wash.2d 799, 314 P.2d 935, 940, in allowing an additional fee on appeal states:

"By the provisions of the note and mortgage, quoted supra, defendants contracted to pay a reasonable sum as attorney's fee in the event it became necessary to foreclose the mortgage. An appeal having been taken, the decree of foreclosure, entered by the trial court, is neither effective nor final until affirmed by this court. When a note and mortgage contain contractual provisions such as we are considering, we believe they indicate that the parties contemplated that the mortgagee would be entitled to the allowance of a reasonable attorney's fee for all legal services required to prosecute the foreclosure to its ultimate conclusion, should foreclosure be necessary. This would include the right to a fee for the defense or prosecution of an appeal to this court. Such a fee is as much a part of the obligation of the contract as any other part."

fit of Caldwell Foundry & Mach. Co., Inc. v. Texas Construction Co., 237 F.2d 705, 707 (5 Cir. 1955), and Serbin, Inc. v. Keywest Hand Print Fabrics (5 Cir. 1967), 381 F.2d 735, citing D/S Ove Skou v. Hebert (5 Cir. 1966), 365 F.2d 341, 353.