CONNELL LEASING COMPANY, A DIVISION OF CONNELL RICE & SUGAR CO., INC., a New Jersey corporation, Plaintiff,

v.

JF EQUITIES ACQUISITION, INC., a Delaware corporation, and EA–727, Inc., a Florida corporation, Defendants.

No. 88–0304–CIV.

United States District Court,
S.D. Florida.

Dec. 18, 1989.

Order Denying Motion to Alter, Amend or Clarify Judgment Feb. 26, 1990.

Lowell Garrett, Morgan Lewis & Bockius, Miami, Fla., for plaintiff.

Robert A. Mark and Jay B. Shapiro, Sterns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Miami, Fla., for JF Equities Acquisition.

Francis Anania, Blackwell & Walker, Miami, Fla., for EA–727, Inc.

## SUMMARY JUDGMENT

RYSKAMP, District Judge.

### I. INTRODUCTION

THIS MATTER is before the court on the defendants' motions for summary judgment. Defendant EA–727 has moved for judgment on Count I of Connell's third amended complaint, and defendant JFEA has moved for judgment on Counts II and III. Connell also has moved for leave to amend its complaint to add Phoenix Ventures, Ltd., as a party to this proceeding. The court heard argument on defendants'

motions for summary judgment on October 3, 1989. For the reasons discussed below, defendants' motions for summary judgment are granted, and summary judgment is entered in favor of defendants and against plaintiff.

The court defers ruling on EA–727's crossclaim against JFEA, which asserts that JFEA is obligated to indemnify EA–727 for costs and attorneys' fees arising from this action. The crossclaimants may embellish the record with their interpretations of the applicable contract provisions, as provided in this court's order of April 29, 1989, which denied JFEA's motion to dismiss the crossclaim.

## II. FACTUAL BACKGROUND

On August 7, 1980, Connell contracted with Ingersoll–Rand Financial Corporation, JFEA's predecessor-in-interest, to perform packaging services for the lease of two Boeing 727–225 aircraft to Eastern Airlines, Inc. This "aircraft agreement" provided that Connell would receive fees in exchange for packaging the lease to Eastern. In addition, the aircraft agreement provided Connell with a contingent right to receive an additional fee, to be calculated at the end of the lease, in exchange for Connell agreeing to provide various disposition services. These disposition services included furnishing information on the fair market or fair rental value of the aircraft when their leases expired or terminated, assisting in the sale or re-lease of the aircraft, and providing analyses of the relative profitability of sale or re-lease offers. The aircraft agreement provided that if the leases were subject to disposition or re-marketed, Connell would receive a 50 percent share of profits exceeding a threshold dollar amount.

Defendant JFEA succeeded to Ingersoll–Rand's interest in the aircraft leased to Eastern Airlines and its obligations under the aircraft agreement with Connell. On November 18, 1987, JFEA sold its interests in the aircraft and aircraft support equipment to defendant EA–727, subject to the Eastern lease but without the condition that EA–727 assume the aircraft agreement with Connell. This transaction and the contract underlying it are the focus of Connell's complaint. Count I seeks injunctive relief and a declaratory judgment that EA–727 is obligated for any fee for disposition services that will become due when the lease expires or terminates. Count II alleges that JFEA breached the aircraft agreement by refusing to pay the disposition services fee when it sold the aircraft to EA–727. Count III alleges that JFEA breached the agreement by failing to persuade EA–727 to assume the obligation of the disposition services fee when the lease expires or terminates.

## III. ANALYSIS

### A. Standards for Summary Judgment.

Summary judgment is required if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.Pro. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273–74 (1986); Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). Courts may appropriately resolve disputes regarding contractual construction and interpretation on summary judgment. Orkin Exterminating Co., Inc. v. F.T.C., 849 F.2d 1354, 1360 (11th Cir. 1988), reh'g denied, 859 F.2d 928, cert. denied, —— U.S. ——, 109 S.Ct. 865, 102 L.Ed.2d 989 (1989); see, e.g., Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 405 (11th Cir.1989); Hashwani v. Barbar, 822 F.2d 1038, 1040 (11th Cir.1987). Summary judgment in such cases is appropriate if contract terms are unambiguous, even if the parties disagree as to their meaning. Orkin Exterminating Co., Inc., 849 F.2d at 1360. The question of whether a contractual provision is ambiguous is one of law for the court. Id. (citing Freeman v. Continental Gin Co., 381 F.2d 459, 465, reh'g denied, 384 F.2d 365 (5th Cir.1967)).

With these standards in mind, the court now considers the defendants' motions for summary judgment.

**B.** *EA–727's Motion for Summary Judgment.*

■ EA–727 is entitled to summary judgment on Count I of Connell's complaint, because it did not assume any obligation for the services disposition fee when it purchased JFEA's interest in the aircraft.

EA–727 did not expressly assume this obligation, for its purchase contract with JFEA is silent regarding assumption of the fee. The sole reference to Connell's residual sharing arrangement appears in section 3.12 of the JFEA/EA–727 contract, which provides that only two agreements of this type existed, one with Connell.[1] EA–727 does not assume any obligations for that agreement in section 3.12. On the contrary, sections 2.2 and 7.1 of the JFEA/EA–727 contract provide that EA–727 assumed only those agreements expressly set forth in the accompanying assignment agreement. The assignment agreement does not list any agreement involving Connell.

Neither did EA–727 impliedly assume the obligation for the fee. Connell's reliance on *Ladjevardian v. Laidlaw–Coggeshall, Inc.* 431 F.Supp. 834, 839–40 (S.D.N.Y. 1977), is misplaced, because that case involved the "conduct and representations" of the attorney and the accountant for a securities purchaser, who attested to the purchaser's intention to assume liability for the seller's contracts. In this case, EA–727 steadfastly refused to assume any obligation for the disposition services fee, once it learned of the aircraft agreement after executing the contract documents with JFEA. In fact, EA–727 included sections 2.2 and 7.1 in its agreement with JFEA in order to ensure that it did not assume any agreement with Connell.

■ Connell responds to the plain language of the JFEA/EA–727 agreement by arguing that both parties knew about the Connell agreement before their purchase and sale contract was signed. Yet the general rule prohibits such parol or extrinsic evidence, unless a contract is ambiguous. *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir.1987). The contract between JFEA and EA–727 is not ambiguous on the issue of assumption. In fact, the ruling that EA–727 neither expressly nor impliedly assumed any obligation for the disposition services fee is buttressed by contemporaneous writings documenting that Connell wanted JFEA to "get the contract [regarding the disposition services] assumed" before EA–727 and JFEA signed their contract, and by the depositions of witnesses who testified that EA–727 refused to assume any obligation to pay Connell.

No material question of fact exists as to whether EA–727 assumed JFEA's obligation to pay the disposition services fee. The contract terms involved here are unambiguous. Accordingly, EA–727 is entitled to summary judgment as a matter of law under Rule 56(c). *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 405 (11th Cir. 1989).

**C.** *JFEA's Motion for Summary Judgment.*

Because EA–727 neither expressly nor impliedly assumed any obligation to pay the disposition services fee in its contract with JFEA, any existing obligation to pay that fee remains with JFEA. Connell claims in Count II that JFEA breached the aircraft agreement by refusing to pay the disposition services fee when it sold the aircraft to EA–727, and that Connell is entitled to a fee of $2,984,540.13. In the alternative, Connell claims in Count III that JFEA breached the agreement, in derogation of Connell's rights, by failing to persuade EA–727 to assume the obligation of paying the disposition services fee when the lease expires or terminates.

JFEA claims that it is entitled to summary judgment on both counts, because no fee is due under the fee formula in the aircraft agreement, and because it had no obli-

---

1. Section 3.12, titled residual sharing, also acknowledged JFEA's possible obligations to Irving Leasing Corporation regarding the rights JFEA transferred to EA–727. However, sections 3.12 and 6.1(i) required JFEA to obtain Irving Leasing's release of any interest, if any, it had in the transferred rights or the aircraft.

gation to persuade EA–727 to assume the obligation of the fee.

1) *Summary Judgment on Count II.* As to Count II, the issue is whether Connell is now entitled to any fees based on the fee formula in paragraph 4 of the aircraft agreement. The aircraft agreement provided that Connell would share in the excess proceeds that JFEA received from disposing of its interest in the leased airplanes, but only if the proceeds JFEA actually received exceeded a threshold dollar amount.

Specifically, the fee formula in paragraph 4 provided that Connell was to receive 50 percent of the excess of "all aggregate net proceeds ... actually received by or for the account of [JFEA]." Paragraph 4 defines "aggregate net proceeds" as:

> the excess of the gross proceeds (whether cash, notes, or otherwise) actually received from any source whatsoever by or for the account of the Owner Participant [JFEA] from the sale, release(s) or other disposition of the [aircraft] ... in each case over all direct costs and direct expenses incurred by the Owner Participant in connection with any applicable sale, release or other disposition of the [aircraft].

■ Applying this formula, the court finds that JFEA owes no fees to Connell in connection with the sale to EA–727. JFEA actually received only $880,716.18 in aggregate net proceeds when the aircraft was sold to EA–727. This is well below $3,655,-919.79, the threshold amount that both parties agree is necessary to trigger Connell's 50 percent share. Although the total purchase price of JFEA's interest in the aircraft was $9,625,000.00, nearly $8 million of that amount reflects underlying nonrecourse debt remaining on the aircraft.[2]

This court will not interpret "aggregate net proceeds" to include the nonrecourse debt, which would trigger Connell's entitlement to the disposition services fee. The language of the agreement does not provide that nonrecourse debt be included in aggregate net proceeds. The aircraft agreement provides that Connell would share only in the "actual proceeds" exceeding a certain amount, not that Connell would receive a certain percentage of the sale price.

That the aircraft sale was a taxable event does not mean that nonrecourse debt should be included in the fee formula as actual proceeds. On the contrary, the tax cases on which Connell relies allow a person or entity to be taxed on the basis of income that is *not* actually received. *See, e.g., Commissioner of Internal Revenue v. Tufts,* 461 U.S. 300, 103 S.Ct. 1826, 75 L.Ed.2d 863 (1983) (purchaser's assumption of seller's liability, such as a mortgage, results in taxable economic benefit to the seller). To interpret aggregate net proceeds under the reasoning of these tax cases or similar cases would completely undercut the concept of sharing, as contemplated in the aircraft agreement for which Connell bargained.

Nor does use of the words "or otherwise" modifying gross proceeds in the fee formula entitle Connell to a disposition services fee. The parties agree that nothing factual in the record will define the term "otherwise" so as to illuminate whether nonrecourse debt should be included in aggregate net proceeds. Connell has never previously calculated a residual fee using anything other than proceeds actually received. Admittedly, this may be because Connell has not been party to a transaction with debt outstanding at lease end or a transaction in which the lease was sold before it expired or terminated. Nonetheless, Connell should have provided for what would happen to its contingent interest in the event of such a transaction,

---

**2.** Fully $7,847,567.65 of the purchase price reflected nonrecourse debt, which EA–727 assumed in its purchase contract with JFEA. Additionally, of the $1,777,432.35 that EA–727 actually paid at the time of its purchase, half went directly to a broker and not to JFEA. The broker's fee is clearly excluded from aggregate net proceeds under contract language providing that such proceeds were "in each case over all direct costs and direct expenses incurred by the owner participant in connection with any applicable sale, release or other disposition of the Equipment."

which was a permissible option under the lease documentation. Connell was aware of the terms of the lease documentation, because the aircraft agreement that it drafted incorporated by reference terms included in the lease documentation.

Because the factual record cannot help define the term "otherwise," the court considers the interpretation of this term as a question of law. To the extent, if any, that its meaning is unclear, the court construes any ambiguity against the drafter of the aircraft agreement, in this case Connell.[3] *See, e.g., In re Miller's Estate,* 90 N.J. 210, 447 A.2d 549, 555 (N.J.1982) (ambiguity strictly construed against draftsman of written agreement).[4] Accordingly, the court rules that the term "aggregate net proceeds" included in the aircraft agreement does not include nonrecourse debt and thus that Connell's share was not triggered when JFEA sold the lease to EA–727. This ruling adheres to New Jersey law, which instructs courts to enforce contracts as made and not to remake contracts through interpretation. *Nation Wide Inc. v. Scullin,* 256 F.Supp. 929, 932 (D.N.J. 1966), *aff'd,* 377 F.2d 554 (3rd Cir.1967) (under New Jersey law, courts will not make different or better bargain for parties than they made for themselves); *Kampf v. Franklin Life Ins. Co.,* 33 N.J. 36, 161 A.2d 717, 720 (N.J.1960) (courts cannot make contracts for parties, but must enforce contracts parties have made). Considering this court's interpretation of the relevant contractual provision, JFEA is entitled to judgment as a matter of law on Count II of Connell's amended complaint.

■ 2) *Summary Judgment on Count III.* JFEA is entitled as a matter of law to summary judgment on Count III, in which Connell claims that JFEA breached an implied covenant of good faith when it did not secure EA–727's assumption of the disposition services fee. Certainly, JFEA breached no express duty by failing to persuade EA–727 to assume the disposition services

fee, for Connell included no provision in the aircraft agreement in the event an interest in the aircraft were sold before the lease terminated or expired.

■ Neither did JFEA breach an implied duty by failing to persuade EA–727 to assume the Connell agreement. Under New Jersey law, an implied covenant arises "only by necessary implication from specific language of a contract or because it is dispensable to carry into effect the intention expressed in the contract." *William Berland Realty Co. v. Hahne & Co.,* 26 N.J.Super. 477, 98 A.2d 124, 129 (Ch.Div. 1953), *aff'd in pertinent part,* 29 N.J.Super. 316, 102 A.2d 686 (App.Div.1954). As noted, early disposition of the aircraft was a permissible option under the lease documentation, which was referenced in the aircraft agreement. If Connell intended that such a contemplated early disposition would require the owner participant to condition sale on a purchaser's assumption of the aircraft agreement, Connell should have included a provision in the agreement imposing such an additional duty. The language in the agreement is insufficient, as a matter of law, to create an implied covenant requiring JFEA to secure assumption of the agreement.

■ Furthermore, Connell can point to no record evidence that JFEA acted intentionally to deprive Connell of its rights, which would be necessary for Connell to survive summary judgment on a claim that JFEA breached an implied covenant of good faith. Summary judgment on Count III is not defeated by the affidavit of James M. Vanderwalk, a former Ingersoll–Rand employee. Mr. Vanderwalk's affidavit contains only his beliefs and legal conclusions regarding the relationship between the owner participant and Connell. This affidavit is not based on personal knowledge, as required by Rule 56(e), and thus the court does not consider it competent evidence on the question of JFEA's intent. The law in the Eleventh Circuit is clear that

---

**3.** According to the deposition testimony of Ronald C. Connolly, Connell's executive vice president, Connell and its counsel drafted the disputed provisions.

**4.** The parties to this diversity action agree that New Jersey law applies to the construction of the aircraft agreement.

conclusory allegations without specific supporting facts have no probative value. *Evers v. General Motors Corporation,* 770 F.2d 984, 986 (11th Cir.1985) (citing *Broadway v. City of Montgomery,* 530 F.2d 657, 660 (5th Cir.1976) (conclusory allegations in affidavit insufficient to avoid summary judgment)). Thus, even if an implied obligation were to exist, JFEA would be entitled to summary judgment on Count III because Connell has produced no evidence of JFEA's bad faith. When a party's state of mind is at issue, summary judgment is proper if the nonmovant fails to "indicate that [it] can produce the requisite quantum of evidence to enable [it] to reach the jury with [its] claim. *Smith v. First National Bank of Atlanta,* 837 F.2d 1575, 1580 (11th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988) (quoting *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)).

## IV.  CONCLUSION

Accordingly, after careful consideration of the record in this case, it is hereby:

ORDERED and ADJUDGED that EA-727's motion for summary judgment on Count I is GRANTED and JFEA's motion for summary judgment on Counts II and III is GRANTED. Summary judgment is entered in favor of defendants and against plaintiff.

ORDERED and ADJUDGED that Connell's motion for leave to add Phoenix Ventures, Inc., as a party and to amend its complaint to reflect that addition, is declared MOOT.

ORDERED and ADJUDGED that a ruling on EA-727's crossclaim against JFEA is DEFERRED. The crossclaimants may file pleadings on this claim.

DONE and ORDERED.

## ORDER DENYING MOTION TO ALTER, AMEND OR CLARIFY JUDGMENT

THIS MATTER is before the court on plaintiff Connell Leasing Company's motion for an order altering, amending, or clarifying the summary judgment dated December 18, 1989. Connell filed its motion December 28, 1989, and it became at issue February 8, 1990.

Connell argues that the judgment is unclear regarding the status of its claim for declaratory relief in Count I. Count I focused on EA-727's refusal to assume the aircraft agreement, although Connell requested that the court "adjudg[e] the respective responsibilities of JFEA and EA-727 for the Disposition Services fees...."

The court ruled that EA-727 was entitled to summary judgment on Count I. The court also addressed JFEA's responsibility: "Because EA-727 neither expressly nor impliedly assumed any obligation to pay the disposition services fee in its contract with JFEA, any existing obligation to pay that fee remains with JFEA." Judgment at 1542. Thereafter, the court ruled that JFEA has no obligation to pay Connell a disposition services fee, because the fee formula was not triggered when JFEA disposed of its interest in the aircraft.

Accordingly, after consideration of the record in this case, it is hereby:

ORDERED and ADJUDGED that plaintiff's motion is DENIED.

DONE and ORDERED.